## WHITON vs. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

*Jurisdiction — State and federal courts — Removal of action from state court.*

So much of the act of congress of March 2, 1867, constituting ch. 196, acts of the second session of the thirty-ninth congress (14 U. S. Statutes at Large, 558), as provides that a citizen of one state, who has commenced an action in a court of another state against a citizen thereof, may remove it to a federal court, is invalid. DIXON, C. J., dissents.

*Per* DIXON, C. J. Where an act of the state legislature gives a right of action, a proviso that the action "shall be brought in some court established by the constitution and laws of this state," is inoperative to defeat the constitutional right of a citizen of another state, in whose favor such a cause of action has arisen against a citizen of this state, to maintain his action in a federal court.

APPEAL from the Circuit Court for *Jefferson* County.

The plaintiff was appointed, by the county court of Rock county, in this state, administrator of the estate of Mary F. Whiton, deceased, and in that capacity he brought this action, in September, 1866, in the circuit court for Rock county, under ch. 135, R. S., to recover damages for the negligent and wrongful killing of his intestate by the employees of the defendant company. The plaintiff was, at the commencement of the action, and still is, a citizen of Illinois. The defendant company operates a line of railroad partly within this state, and partly in the state of Illinois ; and it has acts of incorporation in both states. The act which caused the death complained of occurred in this state. The cause was once before this court on plaintiff's appeal from an order sustaining a demurrer to the complaint. 21 Wis. 305. Upon the reversal of that order, the company answered, and the place of trial was changed to Jefferson county. While the action was pending there, the plaintiff obtained an order for its removal into the circuit court of the United States for the district of Wisconsin ; and from this order defendant appealed.

*Pease & Ruger*, for appellant :

1. The order is appealable. (*a*) It is clearly so, viewed only in regard to state law. *Oatman v. Bond*, 15 Wis. 22–26 ; *Western Bank v. Tallman*, id. 92 ; *Mead v. Walker*, id. 499 ; *Cooley v. Lawrence*, 5 Duer, 605 ; *Ayres v. Western Railroad Corp.*, 48 Barb. 132 ; *Patrie v. Murray*, 43 id. 323 ; *Bristol v. Chapman*, 34 How. Pr. 141. (*b*) There is nothing in the act of congress of March 2, 1867, under which the order was made, which should be construed as denying the right of appeal. That act makes it the duty of the state court to proceed no further with the suit only upon condition that certain facts exist, to wit : if "there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state," and if "the matter in dispute exceeds

the sum of $500," and if the terms of the law are complied with. The existence of these facts must be determined before the making and filing of the petition can have any effect; that determination must of course be by the court to which the application is made; and the facts mentioned are issuable facts, not to be determined on an *ex parte* application. *Bristol v. Chapman*, 34 How. Pr. 141; *Disbrow v. Driggs*, 8 Abb. Pr. 305; *N. Y. Piano Co. v. N. H. Steamboat Co.*, 2 Abb. Pr. (N. S.) 357. In *Patrie v. Murray*, 43 Barb. 327, 328; *Rogers v. Rogers*, 1 Paige, 184; *Dennistoun v. Railway Co.*, 1 Hilt. 63; and *Fisk v. Railway Co.*, 3 Abb. Pr. (N. S.) 453, affidavits controverting the statements of the party applying for a removal were received. See also *People ex rel. Trans. Co. v. Superior Court of Chicago*, Sup: Ct. Ill. The authorities are also to the effect that cases which come within the terms of the statute cannot be removed unless the action is such that the federal court can entertain jurisdiction for all the purposes of the action. The state court must then determine these questions; and this appeal is but a continuation of the exercise of their right and duty of judgment upon them. *Rush v. Cobbet*, 2 Yeates, 275; *Rogers v. Rogers*, 1 Paige, 183; *State of Pa. v. Cobbet*, 3 Dall. 467; *Mead v. Walker*, 15 Wis. 499, 503. See also the language of Judge CURTIS in *Sayles v. N. W. Ins. Co.*, 2 Curtis C. C. 212. In *Gordon v. Longest*, 16 Pet. 97, the court merely held, that, *on the facts of that case*, the defendant was entitled to an immediate removal, and the judge had no discretion to withhold it. 2. The order should be reversed. (*a*) The act under which the application was made is unconstitutional. *Moseley v. Chamberlain*, 18 Wis. 700. (*b*) Plaintiff, by commencing his action in a state court, waived his right to invoke the jurisdiction of the federal courts. *The People v. Murray*, 5 Hill, 471, 472; *Rogers v. Rogers*, 1 Paige, 185; Sedgw. on Stat. and Con. Law, 109-111; Cooley's

Cons. Lim. 181, 182 ; *Sayles v. Ins. Co.*, 2 Curtis C. C. 213 ; *Seymour v. Judd*, 2 Coms. 467, 468. After such waiver, the state court had perfect, complete jurisdiction of the action for all purposes whatever, and defendant acquired an absolute vested right to have the action tried there. There is a broad distinction between the act in question and the 12th section of the judiciary act of 1789. The latter merely provides a method by which a citizen of one state, sued in a court of another, *before consenting to have his rights adjudicated by such court*, and waiving his constitutional privilege to object, may assert that privilege. It does not seek to control the practice of the state court, or oust its vested jurisdiction ; for such courts never have complete jurisdiction in such cases until defendant has consented to the proffered jurisdiction, by at least failing to object. ( *c* ) Plaintiff, holding his office as administrator under an appointment from a court of this state, must be regarded, when suing in that capacity, as a citizen of this state, although he resides in Illinois. *Aspden v. Nixon*, 4 How. (U. S.) 497, 498 ; *Vaughan v. Northup*, 15 Pet. 1 ; 4 McLean, 577. In *Childress v. Emory*, 8 Wheat. 642, it appears (p. 671) that Childress was not only a resident of Maryland, but that he received his letters testamentary from that state ; and there is more reason for supposing that his right to sue in the federal court was supported upon the latter ground than upon the former. ( *d* ) The action is purely statutory, and the statute which gives the right, enacts, *by way of proviso*, that the action "shall be brought for a death caused in this state, *and in some court established by the constitution and laws of the same.*" Sec. 12, ch. 135, R. S. If this proviso is valid, the circuit court erred in ordering the removal of an action which cannot be entertained in any federal court. *Rogers v. Rogers*, *Rush v. Cobbet, State of Pennsylvania v. Cobbet*, and *Mead v. Walker*, cited above. And the proviso is valid.

The power which can give and take away the right can prescribe the remedy and control all its incidents. *Clark v. Smith*, 13 Pet. 203, 204; *Steamer St. Lawrence*, 1 Black, 525–531. State statutes, attempting to take away the existing jurisdiction of federal courts over rights of action not created by or depending upon any statute, but existing by virtue of the common law, have been disregarded by the national tribunals. So with statutes prescribing remedies in common-law actions, and attempting to prevent the federal courts from administering such remedies (2 Sum. 401; 2 Mass. 473; 5 id. 95; 32 Conn. 566; 2 Story C. C. 462; 18 How. [U. S.] 137, 140, 141, 503); because the power of the federal courts in the adoption of such remedies is independent of the state laws. But here there is no right of action at all except as it is conferred by this statute; the right is given conditionally; the conditions are in a proviso; and the right must fail rather than be exercised in disregard of the conditions. Sedgw. on Stat. and Con. Law, 62; 9 Bac. Abr. "Statutes," I, pp. 242, 243; *Townsend v. Brown*, 4 Zab. 86; Smith's Comm. 578, 579. It is said the proviso is satisfied when the action has been *commenced* in a state court, and that it may then be *removed* to a federal court. But, (1) obviously this was not the legislative intent; and if such a narrow, technical construction could be admitted, still (2) no action can be removed to a federal court which might not have been originally commenced there. The language of the act, that the suit shall proceed in such court "in the same manner as if it had been brought there by original process," justifies this conclusion; and the same language in the 12th section of the judiciary act is so construed. *Smith v. Rines*, 2 Sum. C. C. 338; *Beardsley v. Torrey*, 4 Wash. C. C. 286, 288; Conkling's Treat. (3d ed.) 177 (4th ed.), 155. Cases such as *Barney v. Globe Bank*, 2 Am. Law Reg. (N. S.) 221, where the federal court can take jurisdiction so far as

the subject-matter is concerned, form no exception to the rule. Again, the rule applies that where a statute creates a new right, and at the same time gives a remedy, that remedy alone must be pursued. Sedgw. on S. and C. Law, 94, 162, 402–405. And if such statute names a court in which the right may be enforced, its enforcement must be sought in that court alone. *Dudley v. Mayhew*, 3 Coms. 13–15 : *Cole v. City of Muscatine*, 14 Iowa, 296. (*e*) But if the proviso is invalid, the whole statute must fall with it. Cooley's Con. Lim. 178, 179 ; *Slauson v. Racine*, 13 Wis., 403–405 ; *Warren v. Mayor, etc.*, 2 Gray, 98–100 ; *Campau v. Detroit*, 14 Mich. 276, 283–285 ; *Quinlon v. Rogers*, 12 id. 168 ; *Cole v. Muscatine*, 14 Iowa, 296 ; *Voorhees v. Bank of United States*, 10 Pet. 469–471 ; Burrill's and Bouvier's Law Dics., title "Proviso."

*James H. Howe*, on the same side, to the point that if the proviso of the statute is void, the statute is void, and the plaintiff has no right of action, cited *Meshmeier v. State*, 11 Ind. 483 ; *Slauson v. Racine*, 13 Wis. 403 ; *Tims v. State*, 26 Ala. 165 ; *Warren v. Mayor*, 2 Gray, 98 ; *Lathrop v. Mills*, 19 Cal. 513 ; *Davis v. State*, 7 Ind. 15 ; *State v. Wheeler*, 25 Conn. 290. He also argued in support of the other point above stated.

*Conger & Sloan*, for respondent, as to the power of congress to enact the statute of 1867 in question, cited *Abranches v. Schell*, 4 Blatch. 256 ; *Hodgson v. Milward*, 3 Grant's Cas. 418 ; 5 Phila. 243, 302, 308 ; *Mayor v. Cooper*, 6 Wall. 247. 2. As to the parties having the requisite citizenship to give the federal court jurisdiction, they cited *Dodge v. Perkins*, 4 Mason, 435 ; *Wood's Adm'r v. Gold*, 4 McLean, 577 ; *Childress v. Emory*, 8 Wheat. 642 ; *Marshall v. Railroad Co.*, 16 How. 314 ; *Railroad Co v. Quigley*, 21 id. 202 ; *O. & M. Railroad Co. v. Wheeler*, 1 Black, 286 ; *Railroad Co. v. Barron's Ex'r*, 5 Wall. 90 ; Conkling's Treat. 161. 3. As to the provision requiring the action to be brought in the courts of the state, counsel argued among other things,

that it did not require the action to be *tried* in such court; that under the act of 1867 an action might be removed for trial to the federal court, even if it could not have been *commenced* there (*Barney v. Globe Bank*, 2 Am. Law Reg. 221); and that in case of an action founded upon a general right, cognizable in the courts of record of the state, the controversy being between a non-resident and a citizen of the state, no state legislation can prevent the federal courts from acquiring jurisdiction.    *Union Bank Tennessee v. Jolly's Adm'rs*, 18 How. 503; *Suydam v. Brodnax*, 14 Pet. 67; *Hyde v. Stone*, 20 How. 170; *Barber v. Barber*, 21 id. 582; *Strachen v. Clyburn*, 3 McLean, 174; *Weston v. Charleston*, 2 Pet. 449. See also *Case of the St. Lawrence*, 1 Black, 525; *Barron's Case*, 5 Wall. 90.

COLE, J. The plaintiff applied for a removal of the cause into the circuit court of the United States under the provision of the act of congress of March 2, 1867. By this act it is provided that where a suit was pending when the act took effect, or might thereafter be brought, in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, and the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs, such citizen of another state, whether he be plaintiff or defendant, upon making and filing in the state court an affidavit stating that he has reason to and does believe that from prejudice or local influence he will not be able to obtain justice in such state court, may, at any time before the final hearing or trial of the suit, file a petition in such state court for the removal of the suit into the next circuit court of the United States to be held in the district where the suit is pending; and, upon the provisions of the act being complied with in other respects, it is made the duty of the state court to accept the surety, and proceed no further in the suit; but the cause

is to be entered in such court of the United States, and is to proceed therein in the same manner as if it had been originally brought there by original process.    The application for removal was in conformity to this act. No objection is taken that it was informal in any respect, or that it came too late, and was not made before the final hearing and trial of the cause, within the meaning of the act of congress.    But the order of removal is objected to upon other grounds.    And first, it is argued and insisted, that the right to maintain this action did not exist at common law, but was given by sections 12 and 13 of said chapter 135; and that the right of action conferred by these provisions is not an absolute, unqualified one, which the party might enforce in the federal courts; but that he is confined in its pursuit to "some court established by the constitution and laws of this state."    The 12th section, cited above, giving this action for damages caused by the negligent and wrongful act of another, notwithstanding the death of the person injured, contains the proviso, "that such action shall be brought for a death caused in this state, *and in some court established by the constitution of the same.*"    It is claimed that this proviso clearly limits the plaintiff in the pursuit of this statutory action to the state courts, and therefore that the circuit court of the United States would not have jurisdiction of the cause, if it had been originally instituted in the federal court.    The argument in support of this view of the law is very able and elaborate; but on account of the view I entertain of the validity of the act of congress authorizing the plaintiff to remove the cause, I shall express no further opinion upon the point than to say, that I shall assume that the plaintiff might have brought his suit originally in the federal court.

Assuming, therefore, that the plaintiff had the right to bring this action originally in the federal court, I consider the act of congress, under which the application

for removal was made, as invalid. · It is true, the counsel
for the plaintiff thinks there is hardly room for argu-
ment upon the question whether congress was author-
ized, under the constitution of the United States, to enact
the act of March 2, 1867. And he claims, inasmuch as
the second section of the third article of the constitution
declares that the judicial power of the courts of the
United States shall extend to controversies between the
citizens of the different states, and there is here a con-
troversy between citizens of different states, it was
plainly competent for congress to provide (as it has
done) for the removal of the suit by the plaintiff to the
federal court at any time before an actual trial by a state
court. But, without entering upon the much contro-
verted ground as to the power of congress, when a citi-
zen of one state is sued by a citizen of another state in
the state court, to provide that the *defendant* may
remove the cause into the federal court, it is quite evi-
dent that the power may be conceded in that case with-
out establishing the power to provide for removal in the
present one. For here the plaintiff, being a citizen of
another state, had the right in the first instance to elect
the forum for bringing his action. The parties stood in·
that relation to each other which, according to the pro-
vision of the constitution of the United States and the
law of congress, entitled the federal courts to entertain
jurisdiction of the controversy. The plaintiff had the
right and privilege of bringing the action either in the
state or federal court. This is assuming, that, although
the subject-matter of the controversy arises out of our
statute, still he was not bound to submit to the state tri-
bunals for the enforcement of his right. Being a citizen
of another state, the federal courts were open to him in
which he might prosecute his action. While in this
position, having both the federal and state courts open
to him, he has made his election of the state court. And
by so doing, it seems to me that he has clearly waived

the right of demanding the judgment of the federal court upon the matter in controversy. It is a principle well settled, that a party may waive a constitutional or statutory provision made for his benefit. And the plaintiff, by voluntarily submitting his cause to the state court, and asking the exercise of its jurisdiction, has waived the right to invoke the jurisdiction of the federal court. The jurisdiction of the federal courts in the case would have been founded entirely upon the character of the parties, and not upon the nature of the cause. None of those reasons, therefore, exist, which are generally relied on where that jurisdiction is founded upon the nature of the cause, to show the necessity for a supervisory control on the part of the federal tribunals over the decisions of the state courts. Nor does the case stand upon the same ground as where a citizen of one state is sued in the courts of another state. For, in the latter case, there is reason for saying, that, unless congress could authorize the removal, the judicial power of the United States might be eluded at the pleasure of the plaintiff, and the non-resident defendant be deprived of that security which the constitution intended in aid of his rights. But no such reasons can be urged in favor of the act under consideration. Because, assuming that the state and federal courts had cognizance of the matter in controversy between these parties, the plaintiff has made his election of the state tribunal. He was well aware, at the outset, that he might institute his suit in either forum, and, having made his choice of the state court to decide the controversy, let him abide its decision. What earthly ground is there for saying that the federal government may interfere, under such circumstances, and divest the state court of a jurisdiction already attached at the instance of the plaintiff? There is no principle better settled, than that where two or more tribunals have concurrent jurisdiction over the subject-matter and the parties, the court that first

Vol. XXV.— 28

acquires it can hold fast on the case to the exclusion of the concurrent court. And although this principle has been departed from under our complex, system of government, in the case of a non-resident sued in a state court, or where the nature of the controversy gave the federal courts final jurisdiction, yet this furnishes no reason for disregarding the principle where the non-resident plaintiff has seen fit to invoke the jurisdiction of the state court. In that case let him abide the consequences of the election thus voluntarily made, like any citizen of the state. For certainly "all the purposes of the constitution of the United States will be answered by the erection of federal courts, into which any party, plaintiff or defendant, concerned in a case of federal cognizance, may carry it for adjudication." And when the non-resident plaintiff, having the option, has appealed to the state court instead of the federal tribunal, can congress divest the jurisdiction already attached, by giving the plaintiff the right to remove the cause into the federal court? It seems to me that, in principle and reason, it should be held that the plaintiff, by bringing his suit in the state court when he might have brought it in the federal court, has clearly waived his right to appeal to the latter tribunal, and that this waiver binds him through the litigation. As plaintiff, he has voluntarily elected the jurisdiction of the state court, and there is no hardship in requiring him to abide its decision. I know of no provision in the constitution of the United States which gives congress the power to intervene, and authorize the plaintiff to divest a jurisdiction which he has himself invoked. Upon these grounds, I hold the clause in the act of March 2, 1867, which gives the plaintiff the right to remove the cause from the state to the federal court, not in pursuance of the constitution of the United States, and therefore void.

I therefore think the order of the circuit court ap-

JANUARY TERM, 1870.  435

Whiton vs. The Chicago and Northwestern Railway Company.

pealed from must be reversed, and the cause remanded for further proceedings according to law.

DIXON, C. J., *dissenting.* The removal was ordered, in this case, in pursuance of the same act of congress which was recently under consideration by this court in the case of *Akerly v. Vilas ;* but there is this acknowledged difference between the cases, that there had not in this, as in that, been any final hearing or trial before the plaintiff made his application. The point upon which that case was decided is not, therefore, involved in this. It is conceded that the present application comes fully within the letter and spirit of the act of congress, and the only questions presented for our consideration are : 1st. Is the act of congress valid within the authority conferred upon that body by the constitution of the United States ? And 2d, Can the jurisdiction of the federal courts under the constitution and laws of the United States be defeated by state legislation ?

I hold the affirmative of the first, and the negative of the last of these propositions. Upon the first I am so unfortunate as not to be able to agree with my brethren ; while upon the last I understand that we are all of one opinion.

The first proposition has been so long settled by the decision of the supreme court of the United States, and that decision so long and universally acquiesced in as correct, that I do not consider it open to discussion. It was decided so long ago as 1816, in the somewhat famous case of *Martin v. Hunter's Lessee,* reported in 1 Wheaton, 304. I refer to that part of the opinion of the court delivered by Judge STORY, found on pages 333 to 337, inclusive. The principle has been frequently recognized since, in the decisions of the same court. See *Houston v. Moore,* 5 Wheat. 25 and 71 ; *The Mayor v. Cooper,* 6 Wallace, 247. Those decisions fully establish what has always seemed to me the only rational

and sound construction of the judiciary article of the constitution of the United States, namely, that under the grants of power therein contained, and by virtue of the authority vested in congress by subdivision 17 of section 8 of article 1 of the constitution, it is competent for congress, at any time, by appropriate legislation for that purpose, to withdraw from the state courts and vest absolutely and exclusively in the federal courts, jurisdiction of all the cases provided for in the judiciary article, and to which the powers and jurisdiction of the federal courts may under any circumstances extend. See *Ableman v. Booth*, 11 Wis. 498. Such being the true construction of the judiciary article, and the authority of congress over the subject, I see no constitutional objection to the act in question. Certainly the greater power must be held to include the less ; and the power to withdraw all cases, that to withdraw any number less than the whole or any given class of cases. And such is the principle upon which congress has proceeded in all its legislation upon the subject of the second class of cases provided for in the judiciary article, of which this is one. The judiciary act of 1789 proceeded upon the same principle, and withdrew, or provided for the removal, from the state courts, of only a portion of the cases to which jurisdiction of the federal courts might have been extended. The act under consideration, strictly within the powers conferred, extends the jurisdiction of the federal courts to certain other cases, when the plaintiff may apply upon affidavit, etc., and cause the action to be removed to the proper court of the United States. I repeat, that I can perceive not the slightest objection to it under the constitution. On the contrary, it seems very clear to my mind, that it is competent for congress, as to any or all of the cases therein provided for, at any time and at any stage of the proceedings before trial or final judgment in the state courts, to assert the jurisdiction of the federal courts, and to withdraw or put an

end to that of the courts of the state.   As observed by the court of appeals of Kentucky in *Eifort v. Bevins,* 1 Bush, 461, however unnecessary and ungracious such legislation may seem to be, or however burdensome to parties, it must still be upheld, so long as it is within the constitutional authority granted to congress.

The other question to be considered arises under the proviso of sec. 12, ch. 135 of the Revised Statutes, which declares that an action of this nature (to recover damages for the death of a person caused by the wrongful act, neglect or default of another, given by that section), " shall be brought for a death caused in this state, and in some court established by the constitution and laws of the same."   That such a provision is wholly inoperative and void for the purpose of defeating the constitutional right of the citizens of one state to sue, in the courts of the United States, citizens of another, or to have their causes removed into those courts, was, I understood, decided by the supreme court in the case of *Cowles v. Mercer County,* 7 Wallace, 118.   And if it had not been so decided, it seems to me too clear to admit of doubt, that the federal courts cannot be deprived of their rightful jurisdiction in this way.   For if their jurisdiction may be thus taken away in one class of cases, it is manifest that it may be in all, by similar legislation as to the rights and remedies of parties accruing within the state, or under the laws thereof.

For these reasons I am of opinion that jurisdiction of this action has passed to, and been rightfully assumed by, the circuit court of the United States ; and that the order from which this appeal is taken should be affirmed.

*By the Court.* — Order reversed.