## MEADOW VALLEY MINING COMPANY, Appellant, v. ELLIOTT DODDS et als., Respondents.

Transfer of Cases to U. S. Circuit Court.   Where in a suit commenced in a district court by a citizen of a foreign state against a citizen of this state, the plaintiff made an application to transfer it to the United States circuit court in accordance with the act of congress of March 2d, 1867 : Held, that the refusal of the application was error.

Jurisdiction of Suits Between Citizens of Different States.   The United States constitution (Art. III and Art. I, Secs. 8, sub. 17) vests full control and jurisdiction in the federal government over all suits " between citizens of different states "; and congress may assume jurisdiction of such cases at any stage by vesting it absolutely and exclusively in the federal courts.

Transfer to Federal Court After Submission to State Jurisdiction.   The fact that a citizen of another state has submitted to the jurisdiction of a state court a suit against a citizen of this state, does not prevent him from insisting upon a transfer of his case to the United States circuit court, in accordance with the act of congress of March 2d, 1867.

Affidavit for Transfer of Cause to United States Circuit Court.   The affidavit provided for by the act of congress of March 2d, 1867, to authorize the transfer of a case from a state court to the United States circuit court, requires a statement by the party that he has reason to, and does, believe that from prejudice or local influence he will not be able to obtain justice in the state court; but it does not require any showing of the existence of such prejudice or local influence, or any statement of facts upon which he founds his belief.

Distinction between "Showing" and "Stating" a Fact.   There is a material distinction between "showing" a fact and "stating" it; in the former case, satisfactory proof may be required; in the latter, the mere recital of the fact is sufficient.

Appeal from the District Court of the Seventh Judicial District, Lincoln county.

This was an action, as originally commenced, by the Meadow Valley Mining Company, John H. Ely and W. H. Raymond against Elliott Dodds, William Dodds, Frank Dodds and Thomas Dodds, to recover possession of the " Floral Spring Ranch " in Lincoln County, damages for the withholding thereof, and for rents and profits ; and also for an injunction to restrain working on said ranch, or removing any of the valuable waters from the springs thereon. A previous appeal in the same case is reported in 5 Nev. 261. After the filing of the remittitur from that appeal in the court below, the action was, on motion of Ely and Raymond, dismissed as to them, leaving the Meadow Valley Mining Company, a corporation organized under the laws of the state of California, as the sole plaintiff. The defendants were citizens of this state.

*Ashley & Thornton,* for Appellant.

I. The court below erred in refusing to transfer the cause to the United States circuit court.  1 Br. Dig. 128 ;  U. S. Stats. at Large, 1866, Ch. 288 ;  1867, Ch. 196 ;  *Gordon* v. *Loryist,* 16 Pet. 103 ; *Matthews* v. *Lyall,* 6 McLean, 13.

II. Raymond and Ely having been dismissed as plaintiffs, left a California corporation as plaintiff; and then the case could be removed.    *Connolly* v. *Taylor,* 2 Pet. 564.    After the application made for removal, the court below should have proceeded no further.

*Pitzer & Corson* and *G. S. Sawyer,* for Respondents.

By the Court, LEWIS, C. J. :

The plaintiff applied for a removal of this action into the circuit court of the United States, under the act of congress of March 2d, 1867, which provides : " That where a suit is now pending or may hereafter be brought in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, and the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs, such citizen of another state, whether he be plaintiff or defendant, if he will make and file in such state court an affidavit stating that he has reason to, and does, believe that from prejudice or local in-

Meàdow Valley Mining Company *v.* Dodds.

fluence he will not be able to obtain justice in such state court, may at any time before the final hearing or trial of the suit file a petition in such state court, for the removal of the suit into the next circuit court of the United States to be held in the district where the suit was pending, and offer good and sufficient surety for his entering in such court on the first day of its session copies of all process, pleadings, depositions, testimony, and other proceedings in said suit, and doing such other appropriate acts as by the act to which this act is amendatory are required to be done upon the removal of a suit into the United States court; and it shall be thereupon the duty of the state court to accept the surety and proceed no further in the suit." The application in all respects conformed to the provisions of the act, but the court below refused to transfer the cause. Exception was taken to the ruling, and counsel for plaintiff refused to proceed further in the matter, whereupon judgment was rendered against it. The question is thus presented, whether the court below erred in refusing to order a transfer of the suit to the circuit court, as required by the act above quoted. To determine the question it is necessary to ascertain: first, whether the act authorizing the transfer is constitutional; and second, whether the application conformed to the requirements of the act.

Article III of the federal constitution declares that the judicial power of the United States shall extend *inter alia* to all cases between citizens of different states; and subdivision 17, Sec. 8, Art. II, confers the power upon congress to make all laws which shall be necessary and proper for carrying into effect all the powers vested by the constitution in the government of the United States, or in any department or officer thereof. Here is full control and jurisdiction vested in the federal government over all suits "between citizens of different states." The language is broad and comprehensive, extending the jurisdiction to all controversies between citizens of different states. It is given in general terms. No limitation is imposed, no exception mentioned. There being nothing in the constitution itself which restrains or limits this power, it must be maintained in the utmost latitude to which in its own nature it is susceptible.

Nor is the time when, nor the manner in which jurisdiction of

such cases shall be assumed, in any way prescribed.    To give the power full and complete effect, therefore, it must be held that congress may assume jurisdiction of the cases enumerated at any stage, by vesting it absolutely and exclusively in the federal courts. If this power be vested in the federal government by the constitution without limitation or restriction, by what process of reasoning can it be maintained that it cannot assume such control after the parties have submitted to the jurisdiction of the state courts?    If the power be unrestricted, then it may be exercised at any time while it can be said that a controversy exists between parties. There is no warrant in the grant of power for restricting its exercise to cases where the person invoking the federal authority has not submitted to the jurisdiction of the state courts.    To so hold, would be to circumscribe the power and limit its scope.

The power, as conferred, authorizes the assumption of jurisdiction of *all* cases between citizens of different states; and as the greater includes the less, it justifies the assumption of jurisdiction of such controversies, although the parties may have submitted to the jurisdiction of a state court; for notwithstanding that fact, it is still a controversy between citizens of different states, and continues so at least until the matter is determined by a judgment.    We are aware that a different view was taken by a majority of the court in the case of *Whiton* v. *The Chicago and Northwestern Railroad Company*, 25 Wis. 424; but the reasoning by which the conclusion is attained, if none better can be adduced, is convincing evidence that the decision is erroneous.    It is argued that the plaintiff, by instituting his action in the state court, waived his right to appeal to the federal courts for a decision of the matter in controversy. The process of reasoning is, first, that as he had the right to appeal either to the state or federal courts and selected the former, therefore he waived the right afterwards to have it transferred to the latter.    Indeed, the whole opinion is condensed in these concluding sentences.    " It seems to me, that on principle and reason it should be held that the plaintiff, by bringing his suit in the state court when he might have brought it in the federal court, has clearly waived his right to appeal to the latter tribunal, and that this waiver binds him through the litigation.    As plaintiff, he has volunta-

Meadow Valley Mining Company *v*. Dodds.

rily elected the jurisdiction of the state court, and there is no hardship in requiring him to abide its decision." And therefore, upon this reasoning, the court concludes that the section of the act of congress is unconstitutional. It is conceded by the court that the Act of 1789, authorizing removals on the motion of defendants, is constitutional; but a distinction is thought to exist between that and the act in question, giving the same right to plaintiffs.

This decision is certainly a curiosity in the field of logic. A more bold and palpable *non sequitur* than the conclusion drawn from the reasoning could not be imagined. It is perfectly manifest, if the act is unconstitutional, there was nothing which the plaintiff could waive; for without the act it is admitted he could not remove his action to the federal courts, and it must also be admitted that if the act be constitutional, his motion to remove should have been sustained, because the court concedes that he complied strictly with its requirements. Now then, what has the question of waiver by first bringing his action in the state court to do with the question? It is just such a case that the law of congress is intended to meet. If, therefore, the party making the application to remove, in all respects comes within the provisions and complies with the requirements of the statute, there is but one question left to be determined, and that is: Did congress have the power to pass the act? But surely, if the federal constitution confers the power on congress, the fact that a person has waived a right conferred by it in the legitimate exercise of that power cannot be claimed to be a proof that the power does not exist. That the learned judges who rendered the decision in *Whiton* v. *The Chicago and Northwestern Railroad Company* fell into error, seems to us too clear to admit of doubt.

Upon the second question in this case but little need be said. It is admitted the affidavit is sufficient in all respects, except that it does not set out the facts upon which the appellant bases his belief that such local prejudice existed that he could not obtain justice. It will be observed that the statute only requires the person moving to have the case transferred to make and file an affidavit *stating* that he has reason to, and does, believe that from prejudice or local influence he will not be able to obtain justice in such state court. The statute specifies what the affidavit shall contain. . It does not

require the existence of local prejudice, or the fact that justice cannot be obtained in consequence thereof, to be *shown* or proven to the satisfaction of the court to whom the application is made.    If the act required that fact to be *shown*, then, in conformity to decisions upon like statutes, it would be necessary to state the facts upon which the applicant founded his belief.    But here the statute only requires the person making the affidavit to *state* the fact.    There is an obvious and material distinction between *showing* a fact and stating it.    In the one case, satisfactory proof may be required ; in the other, the mere recital of the fact is sufficient.    The affidavit in this case does state the fact, that from local prejudice the affiant cannot obtain justice, and thus it comes strictly within the letter of of the statute.

The court below erred in denying the motion.    Its judgment must therefore be reversed.

GARBER, J., did not participate in the foregoing decision, having been of counsel.