# PROVIDENCE COUNTY.

HENRY C. CLARK *vs.* THE DELAWARE AND HUDSON CANAL
COMPANY.

A case removed into the United States Circuit Court should be removed as of the day when
motion for the removal was made.

A case may be removed after a trial in the state court at which the jury disagreed.

Amendments to the declaration are considered as made of the time when the declaration
was filed.

ON defendants' motion to remove into the Circuit Court of the
United States.

*May* 16, 1874. POTTER, J. This action has been once tried
before a jury in this court and the jury disagreed. The defend-
ants now file a motion, with the proper papers, to remove the
cause to the United States Circuit Court, under the acts of Con-
gress of July 27, 1866, and the amendatory act of March 2,
1867. 14 U. S. Statutes at Large, 306, 558.

The plaintiff opposes the motion on the ground that the cause
cannot be removed under the acts of Congress, as a trial has
taken place in the state court.

The act of 1866 provides for removal of a suit at any time
before the trial or final hearing. The act of 1867 varies the
language somewhat, and provides for removal at any time before
the final hearing or trial.

We have been referred to the recent · decision of the Supreme
Court of Massachusetts, in the case of *Galpin* v. *Critchlow*, 112
Mass. 339, where the circumstances were similar to those of the
case before us. There had been one trial resulting in a disagree-
ment of the jury, and that court decided that the cause could not
be removed. We cannot acquiesce in the reasoning or the con-
clusion in that case, and we think the weight of argument and
authority is decidedly in favor of the right to remove.[1]

With the policy of the acts of Congress, we, as a court, what-
ever our individual opinions may be, have nothing to do. Their

---

[1] See *Insurance Company* v. *Dunn*, 19 Wall. 214.

effect, no doubt, is to carry into the United States courts a great mass of litigation which would otherwise remain in the state courts. The act of 1867 has been decided not to be unconstitutional by the United States Supreme Court, in 1872, in the case of the *Railway Company* v. *Whitton's Administrator*, 13 Wall. 270. See, also, *Fields* v. *Lamb*, Deady, 430.

Upon the construction of the act we must, however, decide. This, indeed, seems to be a mere form on our part, as in two cases, *Hazard et al.* v. *Durant et als.* 9 R. I. 602; and *Ellis* v. *Pope et als.*, where this court decided there was no ground for removal, the United States Circuit Court, nevertheless, took immediate jurisdiction of them.[1] See also *Whitton* v. *Chicago & N. W. R. R. Co.* 25 Wis. 424; *S. C.* 13 Wall. 270; *Akerly* v. *Vilas*, 24 Wis. 165; and *S. C.* before Miller, District Judge, in 1 Abbott's U. S. Rep. 284.

It might be desirable that some mode should be provided by which questions relating to the construction of these acts, involving possible conflict of jurisdiction, might, even before a trial upon the merits of a case, be taken to the United States Supreme Court for their decision. Congress, however, has made no provision for it. In one case, indeed, where the state court refused the removal, and proceeded immediately to trial, the suit was removed to the United States Supreme Court by writ of error.[2]

Our conclusion is, that an order should be entered that this court will proceed no further in the cause. And we are clearly of opinion that the amendments made to the declaration should be considered as made of the time when the declaration was filed. But if the cause is to be removed it should be removed as of the date when the motion for removal was made; and the papers should be certified as they were at that date.

*James Tillinghast*, for plaintiff.

*Charles S. Bradley* and *Browne & Van Slyck*, for defendants.

---

[1] But the Circuit Court after a hearing decided, June T. 1869, not to retain jurisdiction of *Hazard* v. *Durant*, and the case returned to this court. See *infra.*

[2] See the case of the *Sewing Machine Companies*, 18 Wall. 553–587.