NEW ORLEANS, APRIL, 1881. 479

Johnson vs. The New Orleans National Banking Association et al.

---

## No. 6840.

MRS. ELIZA C. JOHNSON vs. THE NEW ORLEANS NATIONAL BANKING ASSOCIATION ET AL.

An appeal lies to this Court from an order of a State Court removing a cause to the Circuit Court of the United States.

A suit involving a Federal question, within the provisions of Sec. 2 of the Act of Congress of March 3d, 1875, is removable by the State Court to the Circuit Court of the United States.

APPEAL from the Sixth Judicial District Court for the parish of Orleans. *Rightor*, J.          •

 *Singleton & Browne* for Plaintiff and Appellant.
 *Rouse & Grant* for Defendants and Appellees:

The plaintiff sues to set aside a sale made by a special commissioner under a decree of the United States Circuit Court for the District of Louisiana, for the sale of mortgaged property, for alleged informalities.

The defendants petitioned for the removal of the case to the said Circuit Court, on the ground that the suit involved a Federal question, within the provisions of Sec. 2, of the Act of Congress, approved March 3, 1875.

The plaintiff appeals from the order of the late Sixth District Court removing the cause.

 The opinion of the Court was delivered by

FENNER, J. This is an appeal from an order of the lower court removing the cause to the U. S. Circuit Court.

Appellee objects that an appeal does not lie from such order; and as that objection goes to our jurisdiction we must decide it. An able opinion of Judge Woods, sitting as U. S. Circuit Judge, is quoted in support of the objection. The right of appeal, in such case, is too firmly established in the jurisprudence of this Court to be departed from until reversed by the Supreme Court of the United States.

23 An. 29; 29 An. 372; 30 An. 474; 31 An. 41, 363; 32 An. 405. See, also, 106 Mass. 180; 25 Wis. 424; 51 Ill. 439.

On the merits, however, the case is clearly with the appellees.

The controversy is as to the regularity and validity of a decree and proceedings thereunder of a Federal Court, and of defendant's title under a sale made in pursuance thereof. The decree and proceedings attacked were in an equity cause, the modes of procedure in which are regulated by the laws of the United States, and their regularity and validity tested thereby. U. S. Rev. St. §§ 913-914.

The correct decision of the case depends upon the "laws of the United States" regulating the subject-matter, and the case, therefore, arises under said laws and is removable under the second section of the Act of March 3d, 1875.

Cohens vs. Virginia, 6 Wheat. 379.

Asborn vs. Bank, 9 Wheat. 822.

Hébert vs. Lefènere 31 An. 363.

No errors in the proceedings for removal are assigned or pointed out by brief, and we discover none.

The judgment appeal from is affirmed at appellant's cost.