J. W. CHUMBLEY, Administrator, Appellee, v. FRED COURTNEY et al., Appellants.

VENUE: Change of Venue—Residence—Nonresidence of Codefendants. Defendant, in an action on a promissory note, may not have the venue changed to the county of his residence unless he shows that his codefendants are nonresidents of the county where the action is brought. (Sec. 3501, Code, 1897.)

VENUE: Change of Venue—Fraud in Inception of Contract. "Fraud in the inception of a contract" is ground for change of venue to the county of defendant's residence only when the contract is specifically performable in the county where action is brought. (Sec. 3505, Code Supp., 1913.)

PARTNERSHIP: Representation of Firm—Non-Trading Corporations. Circumstances attending the carrying on of a non-trading partnership may show authority in one partner to sign notes in the firm name.

TRIAL: Instructions — Applicability to Evidence. Instructions non-applicable to the evidence are properly refused.

NEW TRIAL: Grounds—Erroneous Instructions—Failure to Dis-

cover—Necessary Showing.  Objections to instructions, urged for the first time in a motion for a new trial, must be accompanied by something more persuasive than a mere *assertion* that they were not discovered by the objecting party at the time of trial.  There must be a "*showing*" by means of some evidentiary matter.  (Sec. 3705-a, Code Supp., 1913.)

WORDS AND PHRASES: ''Show'' and ''State'' Contrasted. "To show" means to demonstrate by satisfactory proof.

*Appeal from Warren District Court.*—LORIN N. HAYS, Judge.

SATURDAY, OCTOBER 27, 1917.

ACTION on a promissory note resulted in a judgment as prayed.  The defendant Daniel O'Donnell appeals.—*Affirmed.*

. *Neiman & Neiman,* for appellant.

*Berry & Watson,* for appellee.

**1. VENUE:** change of venue: residence: non-residence of codefendants.

LADD, J.—I.  This is an. action on a promissory note dated May 9, 1914, for $400, payable with interest March 1, 1915, and purports to have been signed by "Courtney & O'Donnell, per Courtney. I. C. Walker."  The purported partnership, as well as the individual members, and Walker were defendants.  After answering, O'Donnell filed a motion for change of venue to Polk County, on the ground that that was the county of his residence, and that his sworn answer alleged fraud in the inception of the note sued on, and constituted a complete defense, as appears from said answer.  As the other defendants are not shown to have been nonresidents of Warren County, the motion could not well prevail on the sole ground of defendant's residence in Polk County.  Section 3501, Code, 1897.  Nor is the other

**2. VENUE:** change of venue: fraud in inception of contract.

ground tenable.  The note on which the action was brought, contained no stipulation that it be performed in Warren County. Without this, the circumstance that fraud in the inception of the note was alleged, furnished no ground

for a change of venue under Paragraph 6 of Section 3505, Code Supplement, 1913, providing that a change of venue may be had in any case where the action is "brought on a written contract in the county where the contract by its express terms is to be performed, in which a defendant to said action, residing in a different county in the state, has filed a sworn answer alleging fraud in the inception of the contract constituting a complete defense thereto." The motion for change of venue was rightly overruled.

3. PARTNERSHIP: representation of firm: non-trading corporations.

II. The defendant complains of the court's refusal to give four instructions requested. The first and second of these, in so far as correct, were given. The error in each was in assuming that a partner in a non-trading partnership could only be bound by the act of the other in executing a promissory note by attaching the firm name thereto where he has an express order of the other partner so to do. On the contrary, such authority may be implied from the circumstances proven, and in this case the jury might have found from the circumstances proven that, in signing the note, Courtney was authorized by O'Donnell to use the firm name. For this reason, the instructions were rightly refused. See *Schumacher v. Sumner Telephone Co.*, 161 Iowa 326.

4. TRIAL: instructions: applicability to evidence.

There was no evidence whatever that the payee of the note had any information as to whether the transaction was a partnership one, of Courtney & O'Donnell's, or an individual deal of Courtney's, and for this reason the refusal of the third instruction is approved. The fourth instruction was, in substance, that, if a partnership existed, and its principal business was earning commissions by dealing in land, there could be no recovery. This was rightly refused, for that this eliminated the possibility of a finding that O'Donnell consented to or authorized the use of the

firm name in the signing of the note.  There was no error
in the refusal to give instructions requested.

III.  Several of the instructions given

**5. NEW TRIAL:**
**grounds: er-**
**roneous in-**
**structions:**
**failure to dis-**
**cover: neces-**
**sary showing.**

are assailed in argument, but the errors re-
lied on may not be considered.  Section
3705-a of the Code Supplement, 1913, re-
quires that:

"All objections or exceptions thereto
must be made before the instructions are read to the jury
and must point out the grounds thereof specifically and
with reasonable exactness; but upon a showing in a mo-
tion for a new trial that an error in such instructions was
not discovered by the party claiming the error at the time
of trial, such objections or exceptions may be made in the
same manner in such motion for a new trial and no other
objection or exception to the instructions shall be considered
by the Supreme Court on appeal."

See *Hanson v. City of Anamosa,* 177 Iowa 101.  The
only showing attempted was in the motion for new trial,
wherein defendant recited:

"That said instruction was objected and excepted to by
this defendant at the time it was given, and is objected to
and excepted to now for the above reason, that counsel
failed to note these errors at the time said instructions
were submitted to him; and further, that same is prej-
udicial to the substantial rights of this defendant."

This statement follows the particular exceptions to
or criticisms of each of the instructions complained of,
and is found only in the motion for new trial.  We infer
that the objection and exception referred to as having
been taken at the time the instructions were given are
those noted by the shorthand reporter under Section 3707
of the Code, for none are endorsed on the instructions
given or filed with the clerk.  They are to be found in
the motion for new trial only.  But the statute from which

we have quoted exacts that, if objections or exceptions to instructions are to be interposed for the first time in a motion for new trial, there must be "a showing * * * that an error in such instructions was not discovered by the party claiming the error at the time of trial." "To show" means "to make clear or apparent, as by evidence or testimony or reason; to prove." *Coyle v. Commonwealth,* 104 Pa. 117, at 133.

6. WORDS AND PHRASES: "show" and "state" contrasted.

In *Cox v. United States,* 5 Okla. 701 (50 Pac. 175), the court held that the expression "shown to the court" is equivalent to "make to appear," and "shown" is defined by the lexicographers as meaning "to make plain or clear, as by evidence, testimony or reasoning; to prove." "Show" is held not to be synonymous with "state." In *Spalding v. Spalding,* 3 How. Prac. (N. Y.) 297, and also in *Meadow Valley Mining Co. v. Dodd,* 7 Nev. 143 (8 Am. R. 709), it was observed that:

"There is an obvious and material distinction between *showing* a fact and *stating* it. In the one case, satisfactory proof may be required; in the other, the mere recital of the fact is sufficient."

In order that an objection or exception to the instruction urged for the first time in the motion for new trial may be considered, the assertion that the error was not discovered at the time of the trial by the party claiming it, is not enough. There must be some showing that the assertion is true,—some proof thereof. This may be by affidavit, testimony in open court, or any other mode which will make it satisfactorily appear to the court that the error was overlooked at the trial of the cause to the jury. No attempt at any such showing was made, and for this reason alleged errors in the instructions may not be considered. The evidence was sufficient to carry to the jury the issue as to whether a partnership between Courtney and

O'Donnell existed at the time the note was given, and also as to whether O'Donnell authorized the execution of the note by the partnership. The fault found with the form of the verdict requires no attention, and nothing will be gained by a review of the evidence.

As no reversible error is discovered, the judgment is— *Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.