June Term, 1862.

MEAD
v.
WALKER.

Judgment affirmed.

---

### MEAD, trustee &c., vs. WALKER.

A citizen of the state of New York brought suit, in a circuit court of this state, as trustee of a married woman who was a citizen of this state, against a citizen of the state of Illinois, to recover a debt alleged to be due to the plaintiff in his capacity of trustee.  *Held*, that an application by the defendant, under the judiciary act of 1789, for a removal of the cause into the United States court for the district of Wisconsin, was properly denied.

APPEAL from the Circuit Court for *Rock* County.

This action was brought in the circuit court for Rock county, by *Meade*, who was a citizen of the state of New York, as trustee of the separate estate of Ann M. C. Smith, a married woman residing in this state, against *Walker*, who was a citizen of the state of Illinois.   The cause of action set forth in the complaint was substantially as follows: That A. Hyatt Smith, a citizen of this state and the husband of said Ann M. C. Smith, advanced money at the request and for the use of *Walker*, for which *Walker* was indebted to him, and that on the 28th of March, 1858, A. Hyatt Smith assigned his cause of action in the premises to *Meade*, in his capacity as trustee as aforesaid. The action was commenced in February, 1860, and before pleading to it, the defendant filed a petition for the removal of the cause into the district court of the United States for the district of Wisconsin. The petition of *Walker*, which was supported by his affidavit, stated, among other things, that Ann M. C. Smith was the real party in interest, as plaintiff, and that the matter in dis-

pute exceeded in value $500. The application was heard on the petition alone, and denied, the only question being, whether the facts stated in the petition entitled the plaintiff to the change.

*H. K. Whiton,* for appellant:

The general construction of the 12th section of the judiciary act of 1789 by the U. S. Supreme Court, will be found in 15 How., 198. The true question is, whether Ann M. C. Smith or *Charles D. Mead,* is the real party in interest in this litigation. 4 Dall., 330; 5 Cranch, 303; 8 Wheat., 642; 14 Pet., 293; 2 How., 9; 14 id., 586. In 5 Cranch, 303, it was held that the U. S. Bank might sue a citizen of Georgia in the U. S. court of that state, if the real parties in interest, the corporators, were non-residents of the state. True, the court say in that case, that the bank was not a trustee for its corporators but only another name for them, and that a trustee is a real person, capable of holding the whole legal estate in himself, and at law empowered to sue in his own right. This language is very general, and needs some qualifications. There are endless varieties of trusts. One who simply appears in a suit as next friend for an infant or *feme covert,* is in one sense a trustee for the person he represents, and again he may hold in fee the legal title to real estate for such infant or *feme covert,* with power to sell and invest the proceeds in a particular fund, after deducting a debt due himself. In the last case he could bring all necessary suits in relation to the trust estate, without referring to the *cestui que trust* in any manner. In such a case the language of the decision is literally true. In the case at bar, there is nothing from which we can infer that *Mead* had any such title to the trust property that he would be entitled to maintain a suit for it in his own name. On the contrary, as he has brought this action for the use of his *cestui que trust,* expressly naming her, we are to infer that his interest does not extend to bringing suits in his own name, but that he must in every case sue substantially for the use of Ann M. C. Smith. The case in 4 Cranch, 306, might seem to be against our position. MARSHALL, C. J., states only his impression; and if we look into the case, we see that the trustees litigating were executors, and in later

decisions of the same court, we see a special distinction made
as to that class of trustees, and this distinction goes upon the
theory that an executor or administrator is, by *operation of*
*law*, possessed of the estate of the decedent in his own right.
Hence the U. S. courts have always sustained their jurisdic-
tion, when the executor or administrator suing possessed the
requisite citizenship to confer jurisdiction, irrespective of the
citizenship of the decedent. But this rule does not apply in
any other class of trusts. See 8 Wheat., *supra*; 4 Cranch,
306. There is nothing in the complaint in this case to show
that *Mead* has a shadow of interest in the litigation. Besides,
the sworn petition of *Walker* states that Mrs. Smith is the
real party in interest, and not being denied, that fact must be
deemed, for the purposes of this hearing, to have been proven.

*Knowlton, Pritchard & Jackson*, for respondent:

The plaintiff is not a mere nominal party. The legal es-
tate of the *cestui que trust* vests in him. The *cestui que trust*
can exercise no control over the suit nor over its subject matter.
She cannot compromise or settle it, or release the defendant
from his liability. 2 Sandf. Ch. R., 104; 1 Barb. Ch. R.,
34. The difference between cases where mere nominal par-
ties are plaintiffs, and those in which executors or adminis-
trators are plaintiffs, is distinctly laid down in *McNutt vs.
Bland*, 2 How. (U. S.), 9. The same distinction should be
made in the case of a trustee of an express trust as is made
in the case above cited. The citizenship of the party having
the legal estate will determine the jurisdiction. 14 Peters,
293. See 4 Cranch, 306; 8 Wheat., 642. The cases of
*Browne vs. Strode*, 5 Cranch, 303, and *McNutt vs. Bland, supra*,
show what is meant by mere formal parties, whose citizen-
ship does not determine the question of jurisdiction.

*By the Court*, DIXON, C. J. Suit by the plaintiff as trustee
of the separate estate of Mrs. Ann M. C. Smith, a married
woman, instituted in the circuit court of the county of Rock,
to recover the sum of $11,510.41, alleged to be due from the
defendant to the plaintiff in his capacity of trustee. The
plaintiff is a citizen of the state of New York, the defendant
of Illinois, and Mrs. Smith, the *cestui que trust*, resides in this

state.   The defendant filed a petition for the removal of the cause into the district court of the United States for this district, and offered the security prescribed by the 12th section of the Judiciary Act of 1789, chap. 20.   1 Statutes at Large, 79.   It is conceded that there is nothing in the character of the parties of record which authorizes the removal. It is claimed under that clause of the section which provides for the removal of a suit commenced " by a citizen of the state in which the suit is brought, against a citizen of another state," upon the ground that Mrs. Smith, a citizen of this state, *is the real party in interest.*   The circuit court refused to accept the security and allow the cause to be removed, and it comes up on appeal from that order.   No question is made on the form or sufficiency of the application, and the controversy is reduced to the single question, whether the plaintiff or Mrs. Smith is the real party in interest.

It is an elementary principle that at law a trustee is regarded as the real owner.   The legal estate is vested in him, and the law looks only to that, and deals with it as if it were unaffected with any trust.   It has, in general, precisely the same incidents and properties in the hands of the trustee as if he were the usufructuary owner, the relation between him and the *cestui que trust* being wholly unknown.   Lewin on Trusts and Trustees, 242 (22 Law Lib., 123);   Willis on Trustees, 80, 201 (8 Law Lib., 37, 95); 5 East, 138.

This being an action at law, we must look at it with the eyes of a court of law, and then how can we say, in answer to the question, Who is the real party in interest? that it is not *Mr. Mead,* the plaintiff?   Clearly we cannot.   He comes before us as suing in the capacity of holder of a legal estate in which we can recognize no other title or interest.   He controls the litigation absolutely, may settle, give a release, receive and dispose of the proceeds, and do whatsoever else he pleases, regardless of the *cestui que trust,* subject only to the restraining power of a court of equity, in which alone her rights are cognizable.   Hence we should say, upon general principles, and without reference to the decisions of the federal courts upon this particular point, that the plaintiff is the real party in interest.

But those decisions are in perfect harmony with the general doctrine, and it was no slip of the tongue when Chief Justice MARSHALL said, in *Chappedelaine v. Dechenaux*, 4 Cranch, 308, that alien trustees, though they sued as such, were entitled to sue in the federal courts. And again, *Bank of U. S. v. Deveaux*, 5 Cranch, 91: "A trustee is a real person, capable of being a citizen or an alien, who has the whole legal estate in himself. At law he is the real proprietor, and he represents himself, and sues in his own right." These authorities are decisive of this application, and there are no others inconsistent with them. As was said in *Irvine v. Lowry*, 14 Peters, 300, the true line of discrimination seems to be between those cases where the plaintiff is merely nominal, without interest or responsibility, his name being used for the exclusive benefit of another, and serving as the instrument or conduit through which the legal rights of others are asserted, and those in which he has an active and substantial interest and may himself control the action.—It is clear to us, therefore, that the district court would have had no jurisdiction, had the prayer of the petitioner been granted, and that the order refusing it must be affirmed.

Ordered accordingly.