## ELIZA MORTON *vs.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

A foreign insurance company which, in compliance with the Gen. Sts. c. 58, § 68, has appointed a general agent here residing, upon whom lawful process against the company may be served with like effect as if the company existed in this state, and has stipulated and agreed that such process so served shall be of the same legal force and validity as if served on the company, is not thereby precluded from removing into the circuit court of the United States for this district, in the manner provided in the judiciary act, (U. S. St. 1789, c. 20, § 12,) a suit, begun against the company in a court of this state by service of process on the agent, upon a policy of insurance made by the company in this state, with a citizen thereof, and upon a life therein.

CONTRACT on a policy of insurance made by the defendants December 28, 1868, upon the life of Morris Morton, of Chicopee, in the sum of $5000, payable on his death to the plaintiff, who was his wife, and in the writ described herself as of Chicopee, and alleged in her declaration that he died March 10, 1870, and that all the conditions of the policy requisite to entitle her to a recovery thereon had been complied with. Writ dated May 28, 1870.

In the superior court, the defendants, at the time of entering their appearance, filed a petition for the removal of the cause for trial into the next circuit court of the United States to be held in the district of Massachusetts; and therein alleged that they were a citizen of New York, incorporated by the law of that state, and there having their principal place of business; that the plaintiff was a citizen of Massachusetts; and that the matter in dispute exceeded $500, exclusive of costs; and offered surety for duly entering the process in that court, &c.

At the hearing, before *Wilkinson*, J., "it was admitted that the insurance was made through the duly authorized agent of the defendants, residing in Massachusetts, and the writ was properly served upon their agent, and the defendants had complied with the statutes of the Commonwealth relating to foreign insurance companies; and that the defendants were a corporation organized under the laws and having their principal place of business in the state of New York, and the principal officers resided there; and no question was made as to any other allegations set out in the petition, or as to the sufficiency of the bonds offered." But the judge ruled "that, under the provision of the Gen. Sts. *c.* 58, and the statutes of the United States, the defendants had no right to have the cause removed to the court of the United States;" refused, for that reason, to grant the prayer of the petition; allowed exceptions of the defendants to the ruling; and, by consent of the parties, reported it, before verdict, for the revision of this court. Sections 68 and 69 of the Gen. Sts. *c.* 58, are printed in the margin.*

* "SECTION 68. Every foreign insurance company, before doing business in this state, shall, in writing, appoint a citizen thereof, resident therein, a general agent, upon whom all lawful processes against the company may be served with like effect as if the company existed in this state; and said writing or power of attorney shall stipulate and agree, on the part of the company making the same, that any lawful process against said company which is served on said general agent shall be of the same legal force and validity as if served on said company. A copy of the writing, duly certified and authenticated, shall be filed in the office of the insurance commissioners, and copies certified by them shall be sufficient evidence. This agency shall be continued while any liability remains outstanding against the company in this state; and the power shall

*N. A. Leonard,* (*G. Wells* with him,) for the defendants. 1. The defendants have complied with all the requirements essential to entitle them to have the cause removed to the federal court. The matter in dispute exceeds the sum of $500, exclusive of costs. They were incorporated under the law of New York, and have their principal place of business in that state. At the time of their appearance in the superior court, they filed a proper petition for the removal of the cause, and offered a sufficient bond. When these facts were made to appear to the satisfaction of the superior court, the right of the defendants, under the judiciary act of the United States, to remove the cause was absolutely vested, and the court had no authority to forbid the removal. U. S. St. 1789, *c.* 20, § 12.* *James* v. *Thurston,* 6

---

not be revoked until the same power is given to another, and a like copy filed as aforesaid. Service upon said agent shall be deemed sufficient service upon the principal.

" SECTION 69, The general agent shall, before any insurance is made by said company, give a bond to the treasurer of the Commonwealth, with one or more sureties, to be approved by him, in the sum of two thousand dollars, with condition that he will accept service of all lawful processes against the company, in the manner provided in this chapter. Every agent of a foreign insurance company doing business in this state shall, before any business is done by him for said company, give a bond to the treasurer, with one or more sureties, to be approved by him, in the sum of one thousand dollars, with conditions that he will, on or before the fifteenth day of November in each year, make return, on oath, to the treasurer, of the amounts insured by him, the premiums received, and assessments collected, during the year ending on the thirty-first day of the October preceding, and at the same time pay to the treasurer the taxes provided in the following section."

* " If a suit be commenced in any state court against an alien, or by a citizen of the state in which the suit is brought against a citizen of another state, and the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs, to be made to appear to the satisfaction of the court, and the defendant shall, at the time of entering his appearance in such state court, file a petition for the removal of the cause for trial into the next circuit court to be held in the district where the suit is pending, and offer good and sufficient surety for his entering in such court, on the first day of its session, copies of said process against him, and also for his there appearing, and entering special bail in the cause, if special bail was originally requisite therein, it shall then be the duty of the state court to accept the surety and proceed no further in the cause."

R. I. 428. *Kanouse* v. *Martin*, 14 How. 23 ; *S. C.* 15 How. 198, 208. *Gordon* v. *Longest*, 16 Pet. 97. *Stevens* v. *Phœnix Insurance Co.* 41 N. Y. 149, 154.

2. It is settled law that a corporation is an inhabitant of the state in which it was created and does its principal business, and under the judiciary act of the United States is to be regarded as a citizen of that state. *Louisville, Cincinnati & Charleston Railroad Co.* v. *Letson*, 2 How. 497. *Covington Drawbridge Co.* v. *Shepherd*, 20 How. 227, 232. *Marshall* v. *Baltimore & Ohio Railroad Co.* 16 How. 314. *Cowles* v. *Mercer County*, 7 Wallace, 121. *Express Co.* v. *Kountze Brothers*, 8 Wallace, 351. *Ohio & Mississippi Railroad Co.* v. *Wheeler*, 1 Black, 286. Its citizenship is not changed or extended by the residence of its officers or agents in other states, or by extending its business into other states. *Hatch* v. *Chicago, Rock Island & Pacific Railroad Co.* 6 Blatchf. 105. *Merrick* v. *Van Santvoord*, 34 N. Y. 218. *Danforth* v. *Penny*, 3 Met. 564. *Knorr* v. *Home Insurance Co.* 25 Wisc. 143.

3. The Gen. Sts. *c.* 58, § 68, do not affect the citizenship of foreign corporations, or render them domestic corporations, or deprive them of the right to have their causes removed. *Knorr* v. *Home Insurance Co.* 25 Wisc. 143. *Hatch* v. *Chicago, Rock Island & Pacific Railroad Co.* 6 Blatchf. 105. *Stevens* v. *Phœnix Insurance Co.* 41 N. Y. 149. *Hobbs* v. *Manhattan Insurance Co.* 56 Maine, 417. See also *Hyde* v. *Stone*, 20 How. 170, 175 ; *Payne* v. *Hook*, 7 Wallace, 430. If that section should be held to deprive foreign insurance companies of remedies secured to foreign citizens under the judiciary act, the federal courts might be deprived of nearly all their jurisdiction, by the concurrent legislation of the various states. Nor, by complying with the provisions of the Gen. Sts. *c.* 58, did the defendants bind themselves to submit their causes to the final determination of our domestic tribunals. Stipulations of this nature, affecting remedies secured to the citizen by law, cannot be annexed to the contract, or be enforced by courts. *Nute* v. *Hamilton Insurance Co.* 6 Gray 174. *Dennistoun* v. *New York & New Haven Railroad Co.* 1

Hilton, 62.   As the right given by the Constitution and laws of the United States, to any citizen of one state who is sued in the courts of another, to remove the suit into the federal courts, is one which no state legislature can abridge or take away, no more can the jurisdiction of the national tribunals in such a case be ousted by agreement of the parties.   The nature of the remedy which the government furnishes, in pursuance of its duty to enforce justice between parties subject to its jurisdiction, cannot be made a part of the contract to be enforced, or be regulated by agreement. Any such stipulation would be void in law.   The legislature did not intend to deprive foreign insurance companies, either by positive law or by contract, of the right to remove their causes to federal courts, but only to provide to our citizens a way of reaching them by legal process, either in the state courts or our own United States judicial district.   The statute was made in view of the extended area of country over which the companies transact their business, and the impossibility of seeking remedies against them in the remote states where they are incorporated. The language of the supreme court of Maine answers every suggestion which can be made against removing the present cause ; and the statutes of Maine on this subject cannot, in principle, be distinguished from those of Massachusetts.   *Hobbs* v. *Manhattan Insurance Co.* 56 Maine, 417, 421.

*M. P. Knowlton & G. D. Robinson,* for the plaintiff.   The course of legislation shows that it was the intention of the legislature not only to provide against loss from insurance made by foreign corporations, but also to secure a remedy in our domestic forum upon contracts made in this state by such corporations, and compel them to make answer here for breach of such contracts. Rev. Sts. *c.* 37, §§ 40–48.   Sts. 1847, *c.* 273 ; 1851, *c.* 331 ; 852, *c.* 311 ; 1856, *c.* 252.   Gen. Sts. *c.* 58, §§ 68, 69.   The Sts. of 1851 and 1852 only require the acceptance of service of process, and entry of appearance, " in like manner as if such corporation had existed and been duly served with process in this state."   The St. of 1856 provides that service may be made upon the agent " in like manner as if the company had existed and

been duly served with process in this Commonwealth," and requires the company to stipulate and agree in writing that any lawful process against the company so served " shall be of the same legal force and validity as if served on said company." The General Statutes substantially reënact the St. of 1856, and in § 68 substitute the phrase "with like effect" for the narrower phrase "in like manner." These statute provisions are not unreasonable, or in conflict with any principle of public law. *Lafayette Insurance Co.* v. *French*, 18 How. 407. *Gillespie* v. *Commercial Insurance Co.* 12 Gray, 201.

It was only by virtue of the statute that these defendants could be sued in the state court without an attachment of property. *Andrews* v. *Michigan Central Railroad Co.* 99 Mass. 534. And they voluntarily subjected themselves to this jurisdiction. They came of their own free will into the state, complied with the conditions in order to secure the advantages of the statute, and then made the contract which is the subject of this suit. Service according to the statute rendered them personally amenable to the jurisdiction, and gave the basis for a judgment as valid as if they had been here incorporated. 18 How. 407, and 12 Gray, 201, above cited. And on the same principle they are debarred of the right of removal prayed for. They have estopped themselves to claim it, by their own agreement made pursuant to the statute. If this cause may of right be removed, the statute is nugatory, except that the removal must be to the circuit court of this district.

In *Smith* v. *Mutual Insurance Co.* 14 Allen, 336, the court declined to entertain jurisdiction as to the subject matter, not as to the parties. But that case lacked three important elements which are found here. It was on a contract not made within this state, nor with a citizen thereof, nor insuring a life therein. So far as the opinion touches the question now under discussion, it supports the plaintiff's position. See also *Attorney General* v. *Bay State Mining Co.* 99 Mass. 148.

CHAPMAN, C. J. The defendant is a corporation created and doing business in the state of New York; and as such it must be

regarded as a citizen of that state, within the judiciary act of the United States. *Louisville, Cincinnati & Charleston Railroad Co.* v. *Letson,* 2 How. 497. *Marshall* v. *Baltimore & Ohio Railroad Co.* 16 How. 314. *Covington Drawbridge Co.* v. *Shepherd,* 20 How. 227. *Cowles* v. *Mercer County,* 7 Wallace, 121. When sued in a state court, it may, as such citizen of another state, remove the cause to the circuit court of the United States, if there is nothing in the legislation of the state to prevent it. *Hobbs* v. *Manhattan Insurance Co.* 56 Maine, 417.

It is contended by the plaintiff in this case, that the provisions of the Gen. Sts. *c.* 58, §§ 68, 69, were intended by the legislature to compel foreign insurance companies to submit to the jurisdiction of the courts of this state, and to prohibit them from removing a cause from the courts of the state to those of the United States. The question thus presented is one of interpretation merely. We must take it for granted that all that was intended is expressed ; and we cannot derive any essential aid from considerations of what legislative policy would be likely to be in respect to the matter. By § 68, foreign insurance companies are required to appoint, in writing, a citizen resident in the state, a general agent, upon whom all lawful processes against the company may be served, with like effect as if the company existed in this state ; and the writing is to stipulate for the legal force and validity of the service. Service on this agent is to be deemed legal service upon the principal. Section 69 provides that the agent shall give bond to the treasurer of the Commonwealth, with condition that he will accept service of all lawful process against the company.

But all this relates to the service of process, and contains no restriction upon the company after it comes into court. The clause providing that the service " shall be of the same legal force and effect as if served on said company " does not imply a restriction upon the right to remove the cause, as the plaintiff contends it does ; for the right of removal cannot be affected by the mere fact that the process has been perfectly served. It would not be safe to attribute to the legislature an intent not expressed either

directly or indirectly. In the case of *Hobbs* v. *Manhattan Insurance Co.* 56 Maine, 417, the supreme court of Maine gave a similar construction to a similar statute of that state.

The question whether a state legislature would have power to impose such a restriction upon a foreign corporation does not arise.

*Petition granted.*