## PHILIP MAHONE *vs.* MANCHESTER AND LAWRENCE RAILROAD CORPORATION.

In a suit in a court of this state against a railroad corporation established in another state, the defendants filed an affidavit of their acting superintendent that he believed and had reason to believe that, from prejudice and local influence they would not be able to obtain justice in the state court. He had no authority to make this affidavit, except what was incident to his office. *Held*, that this affidavit was not sufficient for the removal of the case into the Circuit Court of the United States, under the U. S. St. of 1867, *c*. 196.

TORT by a citizen of this Commonwealth against a railroad corporation established by the laws of New Hampshire, for an injury suffered by him while a passenger in their cars from their negligence in the management of the train. *Ad damnum* $10,000.

In the Superior Court, before trial, the defendants filed a petition, as follows : " The Manchester and Lawrence Railroad Corporation, defendant in the above suit, respectfully represents that it is a corporation duly established by the laws of New Hampshire, and is a citizen of said State of New Hampshire ; that the plaintiff has alleged and does allege that he is a citizen of the State of Massachusetts, which allegation your petitioner believes to be true ; and that the amount in controversy in said suit exceeds the sum of five hundred dollars, to wit: five thousand dollars, exclusive of costs. Wherefore it prays that said cause may be removed to the next Circuit Court of the United States for the District of Massachusetts, for trial and final determination, and that all further proceedings in this court may be stayed. Manchester and

Lawrence Railroad Corporation. By Joseph W. Hildreth, Ass't Supt." The petition bore an affidavit of Hildreth to its truth.

With this petition the defendants filed an affidavit, in these terms: " I, Joseph W. Hildreth, of Portsmouth, N. H., being duly sworn, depose and say that I am the acting and assistant superintendent of the Manchester and Lawrence Railroad Corporation ; that I have reason to believe and do believe that from prejudice and local influence said corporation, defendant in the suit, Mahone against it, now pending in the Superior Court, for Essex County, Commonwealth of Massachusetts, will not be able to obtain justice in the state court. Joseph W. Hildreth."

The defendants at the same time tendered in court a bond, purporting to be the bond of the defendants as principal and George B. Chandler as surety, to the plaintiff, in the sum of $5000 ; conditioned that if the defendants " shall enter in the next Circuit Court of the United States for the District of Massachusetts, on the first day of its session, copies of all process, pleadings, depositions, testimony and other proceedings in the suit " aforesaid, " and do such other appropriate acts as are required to be done upon the removal of a suit into the United States Courts, by the laws of the United States, this obligation shall be void ; " and executed thus :

" Manchester and Lawrence Railroad,
   " By George B. Chandler, Treasurer.         [Seal.]
" George B. Chandler."

The bill of exceptions, after setting out all these papers, proceeded as follows : " The plaintiff objected to the granting of the petition, and assigned among other reasons, that it did not appear that the petition and affidavits were the acts of the defendants, or that the surety on the bond was responsible to any amount, or that the bond was a compliance with the law. The fact that Hildreth was the assistant and acting superintendent of the defendants was not denied, but he had no authority, except what was incident to the office he held, and he was not appointed by the corporation, unless his appointment by the directors of the corporation was such appointment." *Wilkinson*, J., refused to grant the petition, the cause proceeded to trial, the jury returned a verdict for the

plaintiff in the sum of $2800, and the defendants alleged exceptions.

*S. C. Eastman*, for the defendants.

*E. J. Sherman & E. T. Burley*, for the plaintiff.

GRAY, J. The act of Congress of 1867, *c.* 196, authorizing suits pending in any court of a state, between a citizen of that state and a citizen of another state, to be removed, upon the petition and affidavit of the latter, at any time before the final hearing or trial, into the Circuit Court of the United States, has been held by the Supreme Court of the United States to be constitutional, and to include corporations as well as individuals. *Railway Co.* v. *Whitton*, 13 Wall. 270.

But, in order to transfer the case from the state to the federal court, the requirements of the act of Congress must be strictly and fully complied with. It is only upon such compliance, that the act declares it shall be " the duty of the state court to accept the surety and proceed no further in the suit." If they are not complied with, the jurisdiction of the federal court does not attach, the jurisdiction of the state court is not affected, and it is its duty to proceed with the trial or other judicial disposition of the case as if no attempt had been made to remove it.

The state court must therefore examine the papers so far as to be satisfied that the petitioner brings his case within the terms of the act of Congress, before declining the further exercise of jurisdiction over it. And a ruling of the Superior Court upon this, as upon other matters of law, may be revised by this court upon exceptions. Gen. Sts. *c.* 115, § 7. Such is the well settled practice of the courts of this Commonwealth in cases sought to be removed under this and similar acts of the national Legislature. *Commonwealth* v. *Casey*, 12 Allen, 214. *Morton* v. *Mutual Ins. Co.* 105 Mass. 141. *Bryant* v. *Rich*, 106 Mass. 180. So in *Railway Co.* v. *Whitton*, already cited, the Supreme Court of Wisconsin, upon appeal from an inferior court of that state, considered the question whether the case was within the act of Congress, and decided that it was not; and the Supreme Court of the United States, in overruling that decision, intimated no doubt of the propriety of the action of the state courts in entertaining that

question. 13 Wall. 270 · *S. C.* 25 Wis. 424. See also *Bigelow* v. *Forrest*, 9 Wall. 339.

Among the conditions, which the act of Congress imposes upon the removal of the case, are that " such citizen of another state " shall file a petition for the purpose, and that " he will make and file " in the state court " an affidavit that he has reason to and does believe that, from prejudice or local influence, he will not be able to obtain justice in such state court." The act of Congress does not, like our statute for the removal of actions from the Superior Court upon application of the defendant to this court for trial, authorize the affidavit to be made by the party or by any person in his behalf. See Gen. Sts. *c.* 114, § 8. Congress may well have thought it not too great a security against abuse of the power of removal, to require the party's own affidavit to a fact of such a nature, and of which no further proof is to be made at any stage of the proceedings. Whatever may be the reasons, the words of the statute are explicit, and require the affidavit, as well as the petition, to be the act of the party. *Anon.* 1 Dillon, 298 note. *Herschfeld* v. *Clarke*, 11 Exch. 712.

When, as in this case, the petitioner for removal is a corporation, the petition may doubtless be signed and the affidavit made by some person authorized to represent the corporation. But the authority of any person assuming to represent it must appear. No officer of a corporation, unless specially authorized, has power to bind the corporation, except in the discharge of his ordinary duties. This doctrine has been applied by the Supreme Court of the United States and by the Court of Appeals of New York to officers of such large and general authority as presidents and cashiers of banks. *Bank of United States* v. *Dunn*, 6 Pet. 51. *United States* v. *City Bank of Columbus*, 21 How. 356. *Hoyt* v. *Thompson*, 1 Seld. 320. And this court has accordingly held that the president of a manufacturing corporation had no authority as such to begin an action in behalf of the corporation, or to bind it by his appearance in court. *Ashuelot Manuf. Co.* v. *Marsh*, 1 Cush. 507. *Globe Works* v. *Wright*, 106 Mass. 207, 216. See also *White* v. *Westport Cotton Manuf. Co.* 1 Pick. 215 ; *E. Carver Co.* v. *Manufacturers' Ins. Co.* 6 Gray, 214 ; *Markey* v. *Mutual Benefit Ins. Co.* 103 Mass. 78.

There can be no doubt that it is no part of the ordinary duties of the superintendent of a railroad to represent the corporation in any judicial proceeding ; and the bill of exceptions in this case expressly finds that Hildreth, by whom the petition for removal was signed, and the affidavit in support thereof made, had no authority except what was incident to his office as assistant and acting superintendent of the defendants. It is clear therefore that the petition and affidavit were not the acts of the corporation, and showed no compliance on its part with the requirements of the act of Congress.

As these considerations conclusively support the ruling of the Superior Court, it is unnecessary to examine the other objections of the plaintiff to the granting of the petition for removal.

*Exceptions overruled.*