GOODMAN vs. THE CITY OF OSHKOSH.

*Removal of Causes to Federal Courts.*

Under the decisions of the supreme court of the United States upon that subject, subd. 3, sec. 639, R. S. of U. S., and secs. 2 and 3, ch. 137, U. S. Stats. 1874–5, touching the removal of causes from state to federal courts, must be held valid; and the proceedings for such removal in this case were sufficient.

APPEAL from the Circuit Court for *Winnebago* County. The case is stated in the opinion.

*Gabe Bouck*, for the defendant and appellant, contended, 1. That the petition and affidavit were insufficient to give the court jurisdiction to make the order of removal, because there was not attached thereto a certificate of the clerk or other proper certifying officer of a court of record of the county or district within which the oath was taken, showing that the person who subscribed the *jurat* as notary was a notary in fact, and that his signature was genuine. Sec. 1, ch. 79, Laws of 1864; Tay. Stats., 1612, § 133. 2. That the act of congress under which the application was made, is unconstitutional.

For the respondent, there was a brief by *Hooper & Buxton*, and oral argument by *Mr. Hooper.* To the point that the statute (U. S. Stats. 1874–5, ch. 137, sec. 2) providing for the removal of causes to the federal courts in cases like the present, is constitutional, they cited Const. of U. S., art. III, sec. 2; *Ins. Co. v. Morse*, 20 Wall., 445; *Railway v. Whitton*, 13 id., 289; *Doyle v. Wisconsin*, 4 Otto, 435; *Gaines v. Fuentes*, 2 id., 10.

COLE, J. This is an appeal from an order of the circuit court of Winnebago county removing this cause into the cir-

Goodman vs. The City of Oshkosh.

cuit court of the United States for the eastern district of Wisconsin. The plaintiff is a citizen of Chicago, and brought this action upon municipal bonds issued by the defendant city, claiming judgment for $10,000. The application for removal was made under subdivision 3, sec. 639, ch. 7, title 13 of the revised statutes of the United States, and under secs. 2 and 3, ch. 137, U. S. Stats. 1874–5, and seems fully to comply with the requirements of these provisions of law upon the subject. It is suggested on the brief of the learned counsel for the defendant, that the official character of the notary public before whom the petition and affidavit for removal were sworn to, was not certified to or authenticated as required by sec. 133, ch. 137, Tay. Stats. This objection, however, is not sustained by the record, and must fail.

The other objection taken by the same counsel to the correctness of the order is, that the law under which the application for removal was made, is unconstitutional and void. Whatever may be my individual opinion upon the question, it is clear that under the decisions of the supreme court of the United States it cannot be considered as an open question. The power of congress to authorize the removal from the state courts to the federal courts of cases to which the judicial power under the constitution of the United States extends, has been repeatedly affirmed by the supreme court of the United States, and the constitutionality of this legislation may be said to be settled. It would seem to be quite unnecessary to even allude to the grounds upon which this legislation is sustained. It is sufficient to say that, after the most thorough examination and discussion, the validity of these laws has been established by that court, and that would seem to be conclusive upon the question. Some of the cases are referred to on the brief of plaintiff's counsel, where the subject is examined and considered. It is only necessary to refer to those cases to ascertain the judgment of the supreme court in the matter. No other reference will be made to them.

*By the Court.* — The order of the circuit court is affirmed.

RYAN, C. J., took no part.