WADLEIGH, Administrator, Respondent, vs. THE STANDARD LIFE & ACCIDENT INSURANCE COMPANY, Appellant.

*March 21— April 8, 1890.*

*Removal of causes: Waiver: Jurisdiction: Appealable order.*

1. A party may, in the suit itself, waive his right to a removal thereof from the state to the federal court; and, upon application made before a transcript of the record has been sent to the federal court, he should be allowed to withdraw his petition and bond for removal. Such waiver restores the jurisdiction of the state court.
2. An order denying the application to withdraw the petition and bond in such a case affects a substantial right and is appealable.

APPEAL from the Circuit Court for *Portage* County.

Action to recover the amount claimed to be due upon a policy of accident insurance issued to the plaintiff's intestate. The facts essential to an understanding of the questions determined on this appeal are stated in the opinion.

For the appellant there was a brief by *Charles W. Felker*, and the cause was argued orally by *Frank C. Stewart* and *S. U. Pinney.* They argued, among other things, that the

right to the removal of a cause to the federal court may be waived at any time, expressly or by implication. *First Nat. Bank v. Conway*, 67 Wis. 210; *Home Ins. Co. v. Curtis*, 32 Mich. 402; Dillon, Rem. Causes, § 154; *Hazard v. Durant*, 9 R. I. 602–606; *Hanover Nat. Bank v. Smith*, 13 Blatch. 224. The mere filing of the petition and bond with the clerk, which was all that was done in this case, does not destroy the jurisdiction of the state court, even where there is no waiver. *Insurance Co. v. Pechner*, 95 U. S. 183; *Stone v. South Carolina*, 117 id. 430; *Shedd v. Fuller*, 36 Fed. Rep. 609.

For the respondent there was a brief by *Raymond & Brennan*, and oral argument by *John H. Brennan*. They contended, *inter alia*, that the jurisdiction of the federal court attaches and that of the state court ceases when the petition for the removal is filed and the necessary security furnished. No order is necessary, and the filing of the transcript of the record is not a prerequisite to the jurisdiction of the federal court. *Burlington, C. R. & N. R. Co. v. Dunn*, 122 U. S. 513; *Steamship Co. v. Tugman*, 106 id. 118; *Stone v. South Carolina*, 117 id. 430; *Carson v. Hyatt*, 118 id. 279; Dillon, Rem. Causes, secs. 143, 147, 149; Speer, Rem. Causes, sec. 47; *Kern v. Huidekoper*, 103 U. S. 485; *Wilson v. West. Union Tel. Co.* 34 Fed. Rep. 561; *Baltimore & O. R. Co. v. Ford*, 35 id. 170; *Railroad Co. v. Koontz*, 104 U. S. 14; *McCullough v. Large*, 18 Reporter, 40; *Comm. & S. Bank v. Corbett*, 5 Sawy. 172; *In re Barnesville & M. R. Co.* 2 McCrary, 216; *Johnson v. Brewers' F. Ins. Co.* 51 Wis. 570. Consent cannot restore jurisdiction to the state court. *Insurance Co. v. Dunn*, 19 Wall. 214.

COLE, C. J. With its answer the defendant's attorney filed in the office of the clerk of the circuit court, in vacation, on August 2, 1889, a petition and bond for the removal of this cause to the circuit court of the United States

for the western district of Wisconsin. On August 21, 1889, the defendant's attorney served on the attorney for the plaintiff a notice in writing that the petition and bond for the removal of the cause were withdrawn; that no steps would be taken to remove the cause to the United States court; and that, at the opening of the state court at the next term thereof, the defendant would move the court for leave to withdraw said petition and to permit the case to proceed in the state court. This notice was filed with the clerk of the circuit court, September 21, 1889. Accordingly, at the next term of the circuit court for Portage county, the attorney for the defendant appeared and asked the court not to approve of the bond, but to grant leave to withdraw such bond and the petition for removal, basing such application on the notice to the plaintiff previously served and filed, and on the affidavits of its attorney to the effect that the petition and bond for removal were made by him on his own motion and that no officer or agent of the defendant had authorized him to remove, or take steps to remove, the cause to the federal court. The circuit court denied the request of the defendant to withdraw the petition and bond for removal of the cause to the federal court, on the ground that it had no jurisdiction to grant the same.

From that order this appeal is taken. And the question is, Could the defendant waive and renounce its right to remove the cause to the United States court, and consent to the cause proceeding in the state court. We confess we are unable to perceive any ground or reason for holding that it could not waive such a legal right established in its favor. The right of removal to a federal court only concerns the defendant. It involves no principle of public policy that we can see, and we are unable to see any sound reason for saying that the defendant could not waive its right to such removal. It is not like the case of *Morse v.*

*Home Ins. Co.* 30 Wis. 496; *Insurance Co. v. Morse*, 20 Wall. 445, where it was held by the supreme court of the United States that a general stipulation in advance of a controversy not to remove a cause to a federal court did not deprive the defendant corporation of the right of removal under the constitution and laws of the United States. It was said by the court that a party could not bind himself in advance by an agreement which may be specifically enforced to forfeit his rights at all times and on all occasions when the case may be presented, but here the defendant sought to waive and relinquish its right of removal in the suit itself, and to suffer it to proceed in the state court. The learned counsel for the appellant say this waiver of the right to resort to the federal court in this particular case only concerns the defendant, and that it rests upon the maxim that a man may renounce a legal right which is conferred for his own advantage, where the waiver touches no question of public policy. This view seems to us eminently sound, and is consonant with principle and good sense. If any authority were necessary to sustain so plain a proposition of law, it will be found in *Hanover Nat. Bank v. Smith*, 13 Blatchf. 224; *Home Ins. Co. v. Curtis*, 32 Mich. 403; *First Nat. Bank v. Conway*, 67 Wis. 210; Dill. Rem. Causes, § 154.

A question has sometimes been raised whether a party, by contesting a cause in the state court after it has erroneously refused to grant the application for removal, waives any right. The supreme court has held that, if a state court wrongfully refuses to give up its jurisdiction on a petition for a removal, and forces a party to trial, he loses none of his rights by remaining and contesting the case on its merits. *Railroad Co. v. Koontz*, 104 U. S. 5. This seems to be holding to a somewhat different rule from the one which is often applied, that a party, by his subsequent conduct in the case, waives his right to insist upon an error against

him which may have intervened in some preliminary matter; but we have no intention to question the correctness of the decision of the supreme court upon the point indicated, but willingly yield it our obedience. We do not know of any case where it is held that a party may not expressly relinquish the right to resort to a federal court, where he waives such right in the suit itself, and consents to the state court proceeding with the cause. There is no waiver here by implication, but what is equivalent to a distinct and unqualified relinquishment of the right of removal in writing, and request to withdraw the petition filed for that purpose. We are clearly of the opinion the application should have been granted.

It is said that, as a proper petition and bond had been filed, entitling the defendant to a removal, the rightful jurisdiction of the state court over the cause was at an end, and that no further proceedings could properly be had in that court, not even to grant the request that its jurisdiction should be restored. We cannot adopt that view of the law. Consent would surely restore the jurisdiction of the state court over the cause, and place it in the same position it would have stood if the defendant had omitted to exercise its right to remove it to a federal court. It seems to us this proposition cannot be successfully controverted. There had been no transcript of the record sent to the federal court, but it remained on file in the state court. The defendant, under the circumstances, did all it could to actually restore to the latter court full jurisdiction over the cause, and the court should have granted its application to withdraw its petition for a removal, which had been inadvertently filed. It was not in the power of the defendant to do anything more to restore the jurisdiction of the state court over the cause, and we have no doubt but the jurisdiction of that court was as complete over it as though no attempt had been made to transfer the suit to the federal

court. Whatever rights the defendant may have acquired by the filing of its petition and bond, it could, and certainly did, renounce and waive by express language and positive consent.

A question was suggested on the argument whether the order affected any substantial right, so as to make it appealable. The circuit court denied the application to withdraw the petition, on the ground that it had no jurisdiction to grant it. The learned circuit court undoubtedly held that the cause had been transferred to the federal court, and that it had no authority to proceed or act in the matter. Its view would have been correct had not its jurisdiction been restored by the acts of the defendant. But the fact that the court entertained the view that the cause had been removed to the federal court would, of course, prevent the defendant from taking any further steps to dispose of it. It was of the greatest moment to the parties to know whether the state court could proceed and try the case, and the decision that it had no power to do so necessarily involved the question of the very existence of the action in that court, and this further necessarily involved the merits, for if what the defendant had done operated to divest the federal court of jurisdiction and restore that of the state court, it was of importance for the defendant to know certainly what court it was in. We therefore think that the order affected a substantial right, and was appealable. *Akerly v. Vilas*, 24 Wis. 165; *McLeod v. Bertschy*, 33 Wis. 176.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to this opinion.