NORTHERN PACIFIC RAILROAD COMPANY, Plaintiff in error,
    vs. McMULLEN, Administratrix, Defendant in error.
NORTHERN PACIFIC RAILROAD COMPANY, Plaintiff in error,
    vs. SEIPP, Administratrix, Defendant in error.

*September 27 — December 29, 1893.*

*Removal of causes: Conflict between federal and state courts: Jurisdiction: Waiver.*

1. The decision of a circuit court of the United States that the federal
   statutes have been complied with for the removal of a cause to that
   court, is conclusive, and the state court has thereafter no right to
   decide otherwise and retain jurisdiction of the cause.
2. A party does not waive the right to a removal by answering and de-
   fending on the merits in the state court after that court has wrongly
   refused to order a removal. *First Nat. Bank v. Conway,* 67 Wis.
   210, distinguished.

ERROR to the County Court of *Waukesha* County.
The facts are stated in the opinion.
For the plaintiff in error there was a brief by *D. S.
Wegg* and *T. H. Gill,* and oral argument by *Mr. Gill.*
*T. E. Ryan* and *E. Merton,* for the defendants in error,
contended, *inter alia,* that the actions could not be removed
because the petition and bond were not filed in the county
court — in which the actions were pending — within the
time required by law. *Noble v. Mass. Ben. Asso.* 48 Fed.
Rep. 337; *Kansas City, F. S. & M. R. Co. v. Daughtry,* 138
U. S. 298; *Stewart v. Stewart,* 83 Wis. 364; *Austin v. Gagan,*
39 Fed. Rep. 626; *Burdick v. Hale,* 7 Biss. 96; *Torrey v.
Grant Locomotive Works,* 14 Blatchf. 269; *Shedd v. Fuller,*
36 Fed. Rep. 609; *Johnson v. C., M. & St. P. R. Co.* 43
Wis. 431.
The following opinion was filed October 17, 1893: .

ORTON, J.  These two cases were, by stipulation, tried
together and before the same jury, with separate verdicts

Northern Pacific R. Co. vs. McMullen.

and judgments, and the proceedings for their removal to the circuit court of the United States were upon like records and papers, and were presented to this court upon the same record and assignments of error, and therefore there will be but one opinion for both cases.

These two actions are brought by the administratrix of the estate of each intestate to recover the statutory damages for his killing by the negligence of the defendant company, on its railway, on the night of April 9, 1891, near the village of Waukesha.   Daniel McMullen, deceased, one of said intestates, was the engineer, and Peter Seipp, deceased, the other of said intestates, was a brakeman on the same train, and both came to their deaths by the same accident and by the same negligence of the company.   The facts, as disclosed by the testimony, need not be further stated.   The trials resulted in a judgment in favor of *Mary McMullen*, administratrix, for the sum of $5,358.23, and in favor of *Mary Seipp*, administratrix, for the sum of $5,084.30.   The defendant company has brought both of these cases to this court by writs of error.

The first and the most important error assigned by the plaintiff in error is the want of jurisdiction in the county court of the county of Waukesha to try and determine these causes, by reason of their removal to the circuit court of the United States for the eastern district of Wisconsin, and of that court having entertained jurisdiction thereof, according to the laws of the United States in such cases made and provided.   All the facts in respect to the applications for such removal may not be necessary to the decision of this question, but inasmuch as the county court denied such applications by the plaintiff in error, and proceeded, notwithstanding, to the trial of these causes, in justice to that court all the facts will be substantially stated, as follows:

The summons and complaint were served on the 27th

day of July, 1891, and the time within which the defendant must plead, answer, or demur would expire on the 17th day of August, 1891, the 16th falling upon Sunday. The defendant, being a corporation organized and created under and by virtue of an act of the Congress of the United States, was entitled to a removal of said cause for trial from said county court to the circuit court of the United States for the eastern district of Wisconsin, damages claimed in each case being $5,000; and on the 15th day of August, 1891, the defendant's attorneys prepared its petition in due form for such removal therein, accompanied by a bond in proper form, conditioned as required by law, and a notice to the plaintiff's attorneys that an application would thereon be made to said court for an order removing said cause; and on the 25th day of August following filed the same in the clerk's office. By a clerical error in the preparation of said petition, the venue was laid in the *circuit* court for said Waukesha county, instead of in the *county* court; and when it was filed, no other papers in the action having been filed by the plaintiff, the clerk indorsed the same as filed in the circuit court; said clerk being by law clerk of both courts and keeping the records of both courts in his office. Before the same were filed, however, copies of the petition, bond, and notice of motion for removal order were personally served upon the plaintiff's attorneys, and their admission indorsed thereon. On the 25th of August, the said clerical error having been discovered, an order was issued by said county court, returnable at 2 o'clock in the afternoon of said day, requiring the plaintiff to show cause why the word " circuit," in said petition, should not be changed to the word " county," and such clerical error disregarded, so that the said petition might stand as properly entitled in said action. At the return hour of said order the plaintiff's attorneys appeared specially with the objection that such order to show

cause was irregular and informal, and, after argument, another order to show cause, based on an affidavit to the same effect, was issued, returnable on the 29th day of August, 1891, and served on the plaintiff's attorneys.

Upon the hearing of this order, further affidavits were filed showing that the error in venue was a pure mistake. After argument by the respective counsel, the county court of Waukesha county ordered that, it satisfactorily appearing to the court that the only action then pending in any court between the above-named parties is such action pending in the county court, and that there is no such action pending in the circuit court, and being satisfied that the mistake was simply a clerical error, it was adjudged that the word "circuit," in said removal papers, be changed to read "county," so that the said removal papers should show that they were properly entitled in said action.

By consent of the parties the argument on the motion for the order removing the cause, pursuant to said petition and bond, was taken up on the 5th day of September following, and after a hearing such motion was denied for the reason that the application for removal was not made within the time required by the statutes, and costs were awarded to plaintiff. The defendant, however, procured a certified copy of the record in such case, notwithstanding the refusal of the county court to order the removal, and upon the 5th day of October, 1891, being the first day of the next term of the federal court for the eastern district of Wisconsin succeeding the application for the removal from the county court, presented the same to such federal court; and, after full statement of facts and investigation, the same were therein docketed. An order was also entered in said federal court extending the time to plead, and copies of both such orders served upon plaintiff's attorneys, they not appearing. Thereafter, the plaintiff's attorneys served notice of application to said county court of Wau-

kesha county on the 19th day of November, 1891, for judg-
ment by default against the defendant; and on that day
the defendant appeared by its attorneys specially, and ob-
jected to the jurisdiction of said county court for the rea-
son that the said cause had been properly removed there-
from, and filed a certified copy of the order docketing said
cause in the federal court. The county court, however,
overruled the objection; and, to prevent judgment by de-
fault, defendant, upon terms, obtained leave to answer in
said action, and duly filed and served its answer herein.

The action of the federal court in taking jurisdiction of
these causes on certified copies of the records thereof and
proceeding therein, was brought to the attention of the
county court by affidavit and by a duly certified copy of
the record of said court, by which it appeared that the de-
fendant, on the 5th day of October, 1891, and on the first
day of the term, presented to said federal court copies of
the process, complaint, and other papers and proceedings
in these causes, including the petitions of the defendant for
their removal to that court, and of the bond required, and
moved the court that said causes be entered and docketed
therein, and that said court thereupon ordered that the said
copies be filed and that the causes be entered on the law
docket and be proceeded with as if they had been com-
menced therein by original process. That court, therefore,
must have considered and decided every question affecting
its jurisdiction of these causes by their removal to that
court from the county court, including the matter of said
mistake, and must have held such mistake to be immaterial
or to have been duly corrected. The plaintiff in error not
only demanded that the county court transmit the records
and papers to said federal court upon this showing, but ob-
jected to said county court entertaining any further juris-
diction of these cases and proceeding to the trial thereof.
Under such conditions, it cannot be that both the county

court and the federal court have concurrent jurisdiction in
these cases.    The county court decided that they had not
been properly removed, and the federal court decided that
they had been.    The question then is, as affecting the legal
*status* of these cases, Which court has the superior and ex-
clusive authority to decide this question?   This is peculiarly
a *federal* question, arising under the laws of the United
States.    The decision of this question by the federal court
must, of necessity, be final; and the county court of Wau-
kesha county, and this court also, must yield to its para-
mount authority.    It is not possible that there can be any
irreconcilable conflict of jurisdiction in such a case.    It is
necessary to the rights of parties litigant, and to the peace-
ful and harmonious administration of justice, that this
should be so.    The last and only inquiry of the state court
should be whether the federal court has decided the ques-
tion of its jurisdiction in such a case.    The learned counsel
of the defendants in error admit in their brief that the
plaintiff in error had the right to remove these suits to the
federal court by complying with the statutes of the United
States.    The circuit court of the United States for the
eastern district of Wisconsin had decided that the statutes
of the United States had been complied with for their re-
moval to that court; and the county court, after that, had
no right to decide otherwise and retain jurisdiction over
them.

After these suits had been thus entered in the federal
court, and that court had taken jurisdiction of them, " the
statute made it the duty of the county court to proceed no
further until its jurisdiction had been in some way restored.
On the face of the record, its jurisdiction had been taken
away."    *Carson v. Dunham,* 121 U. S. 421.

" When an issue of fact is raised upon a petition for the
removal of a cause from a state court to a circuit court of
the United States, that issue must be tried in that court."

*Kansas City, F. S. & M. R. Co. v. Daughtry,* 138 U. S. 298. It is said in *Burlington, C. R. & N. R. Co. v. Dunn,* 122 U. S. 517: "Upon that question there ought not to be a divided jurisdiction. It must rest with one court alone, and that, in our opinion, is more properly the circuit court of the United States."

In *Baltimore & O. R. Co. v. Ford,* 35 Fed. Rep. 170, the federal court, having decided that this case was properly removed, uses the following language: "As we have seen, the case was properly removed from the state court into the federal court; and when removed, the jurisdiction of the state court terminated and the federal court alone had *exclusive* jurisdiction," — and the plaintiff was enjoined from further prosecuting the case in the state court. To the same effect is *Sinclair v. Pierce,* 50 Fed. Rep. 851. "If the state court proceeds after a petition for removal, it does so at the risk of having its final judgment reversed, if it is a case removable under the laws of the United States." *Stone v. South Carolina,* 117 U. S. 430.

It is conceded that these cases were removable to the federal court. As a logical consequence of these decisions of the federal courts, if this court should affirm the judgments in these cases, the supreme court of the United States, on appeal from this court, would reverse such judgments of affirmance, on the ground that the county court had lost jurisdiction to try them by their removal to the circuit court of the United States and that court taking jurisdiction thereof and proceeding therein.

It is with no pleasure, but with sincere regret, that we are compelled to hold that the long and expensive trial of these causes in the county court, involving such painful interest, and conducted with such signal ability to meritorious results, was without jurisdiction and *coram non judice.* We express no opinion on the question whether these causes were or were not lawfully removed, or upon the conse-

Northern Pacific R. Co. vs. McMullen.

quences of the mistake or the effect of its correction. This court has no jurisdiction to correct the errors of the circuit court of the United States, ór to overrule its decisions in matters clearly within the jurisdiction of that court. It is sufficient and final that that court has decided these questions relating to its own jurisdiction of these cases. It is due, however, to the county court, that we should say that we believe it decided the question of its jurisdiction to try these cases honestly and impartially; and, to the learned counsel of the defendants in error, that they acted as they believed was their duty to their clients, and if they made a mistake it was an error of a usually sound judgment. The question was one on which the ablest lawyers might well disagree.

After the federal court had taken jurisdiction of the cases on removal from the county court, and granted leave to the defendant to answer, and after the county court had been notified thereof and moved to proceed no further in them, the plaintiffs moved for judgment by default on failure to answer; and thereupon the defendant asked leave to answer in said county court, which was granted on terms, and the defendant answered issuably and proceeded to defend the actions on the trial thereof. This was done, clearly, for the purpose of saving itself from a judgment by default, and from judgments in the actions after a trial thereof, and under *protest*. The learned counsel of the defendants in error contend that this was a waiver by the plaintiff in error of its right of removal of the cases to the federal court. This question has been decided by the federal courts, and it is held that on failure of a party to obtain an order of the state court to remove the case to a federal court, and he is forced to a trial in the state court, he does not lose his right to remove it. *Insurance Co. v. Dunn*, 19 Wall. 214; *Removal Cases*, 100 U. S. 457; *Railroad Co. v. Koontz*, 104 U. S. 5. "It has

been repeatedly held by the supreme court that a party does not waive the right of removal by remaining in the state court and contesting the case on its merits, if the state court wrongly refused to order a removal." *Richards v. Rock Rapids*, 31 Fed. Rep. 506. This case is approved by this court in *Wadleigh v. Standard L. & A. Ins. Co.* 76 Wis. 442, and the same principle asserted. See, also, *Baltimore & O. R. Co. v. Ford*, 35 Fed. Rep. 170. This principle is not antagonized by *First Nat. Bank v. Conway*, 67 Wis. 210. In that case the party attempting a removal of the case to the United States court, after a denial of the application and before the record and papers had been transmitted to that court, had the case removed to another circuit on affidavit of the prejudice of the judge, and then made another application for its removal from the court to which the case had been sent to the federal court. It was held that he had waived thereby the right to the removal of the case on the first application. The party by his own act made it impossible to remove the case on the first application. The change of venue to another circuit and the removal to the federal court were utterly inconsistent.

No other way appears open to us than to *reverse* the judgments in these cases.

*By the Court.*— The judgments of the county court are reversed, and the causes remanded for the parties to take such action, or no action whatever, as they may be advised, except for a new trial, as no new trial can be had therein.

Upon a motion for a rehearing counsel for the defendants in error contended that this court had erred in not reviewing the legality of the order made by the county court refusing the application for removal; also that this court had proceeded upon the wrong theory that *questions of fact* were raised upon the allegations of the petition,

which would be for the federal court to determine. No such questions were raised, however, as the only questions raised in the county court were the questions whether or not the petition and bond filed (in the circuit court) within the twenty days from date of service of summons and complaint showed upon the face thereof that as a matter of law the railroad company was entitled to a removal of these causes. These questions the county court had the right to determine, and having determined them against the company the only way they can be effectually reviewed is, first, by appeal to this court, and, second, by writ of error to the supreme court of the United States. *Mead v. Walker*, 15 Wis. 499; *Ackerly v. Vilas*, 24 id. 165, 2 Biss. 110; *Whiton v. C. & N. W. R. Co.* 25 Wis. 424; *Railroad Co. v. Whitton*, 13 Wall. 270; *Goodman v. Oshkosh*, 45 Wis. 355; *Eldred v. Becker*, 60 id. 48; *Jones v. Foster*, 61 id. 25; *First Nat. Bank v. Conway*, 67 id. 210; *Beyer v. Soper L. Co.* 76 id. 145; *Wadleigh v. Standard L. & A. Ins. Co.* id. 439; *Mahone v. M. & L. R. Corp.* 111 Mass. 72; *Bryant v. Rich*, 106 id. 180–191; *Du Vivier v. Hopkins*, 116 id. 125; *Weed S. M. Co. v. Smith*, 71 Ill. 204; *U. S. Sav. Inst. v. Brockschmidt*, 72 id. 370; *Cleveland, C., C. & St. L. R. Co. v. Monoghan*, 140 id. 474; *McWhinney v. Brinker*, 64 Ind. 360; *Insurance Co. v. Pechner*, 95 U. S. 183; *Amory v. Amory*, id. 186; *Carswell v. Schley*, 59 Ga. 17; *Indianapolis, B. & W. R. Co. v. Resley*, 50 Ind. 60; *Baltimore, P. & C. R. Co. v. N. A. & S. R. Co.* 53 id. 597; *Delaware P. Const. Co. v. D. & St. P. R. Co.* 46 Iowa, 406; *Hadley v. Dunlap*, 10 Ohio St. 1; *Gordon v. Longest*, 16 Pet. 97; *Stone v. State*, 117 U. S. 432; *Crehore v. O. & M. R. Co.* 131 U. S. 433; *Burlington, C. R. & N. R. Co. v. Dunn*, 122 id. 513.

The motion was denied December 29, 1893.