STATE EX REL. MORGAN, Attorney General, Plaintiff, vs. RISJORD, Circuit Judge, Defendant.

*May 13—May 17, 1922.*

*Mandamus: Improper removal to federal court: How to raise question.*

1. The question whether a case brought by the state in a circuit court involving the power of the interstate commerce commission to authorize the defendant railroad to discontinue a branch line, alleged to be used in intrastate commerce, was properly removed to the federal court, can be adequately raised by a motion in the federal court to remand; and a writ of *mandamus* directing the trial court to pass upon a motion for a temporary injunction is denied.

2. Control of inferior courts by *mandamus* will be exercised only when the duty of such court to act within its jurisdiction or to refrain from exceeding it is plain and the court threatens to violate this duty to the prejudice of the petitioner, and where all other remedies are inadequate.

ORIGINAL ACTION of *mandamus. Petition for peremptory writ denied May 17, 1922.*

For the plaintiff there was a brief by the *Attorney General* and *Ralph M. Hoyt,* deputy attorney general, and oral argument by *Mr. Hoyt.*

For the defendant there was a brief by *Hanitch, Hartley, McPherson & Johnson* of Superior and *D. F. Lyons* of St. Paul, and oral argument by *Mr. Louis Hanitch* and *Mr. Lyons.*

The following opinion was filed June 6, 1922:

JONES, J.   After due application an order was made by the interstate commerce commission authorizing the Northern Pacific Railway Company to abandon a part of a branch line in Wisconsin extending from Coda to Washburn, a distance of about twenty-four miles.   An action was then commenced in the name of the state of Wisconsin in the circuit court for Bayfield county to enjoin such abandonment.

The complaint alleged that intrastate business was conducted on this line; set forth the operation of the railroad of defendant in various states, and the relative amount of interstate and intrastate business; that municipalities had largely contributed to the construction of this part of the system, and there had also been private contributions; that the defendant had operated this branch of the road for more than nineteen years; and that it was beyond the province of the defendant to discontinue the service without the consent of the state of Wisconsin, except as to such portions as might be under the lawful control and regulation of the United States.

The complaint further alleged that the railway company threatened to abandon and remove the track, and that the order and certificate of the interstate commerce commission authorizing the discontinuance of service in the transportation of property and persons between points wholly within the state of Wisconsin is unlawful and void for the reason that no power is given the interstate commerce commission by paragraphs (18), (19), and (20) of sec. 402 of the Transportation Act, or by any other statute or enactment, to discontinue such purely intrastate service over the said line of railroad without the consent of the state of Wisconsin, and for the further reason that if said paragraphs purport to empower said interstate commerce commission to authorize such discontinuance of purely intrastate service, to

that extent they are unconstitutional and void, being in conflict with the Fifth and Tenth amendments of the constitution of the United States; and that the state of Wisconsin has never consented to such discontinuance.

Petition was then made by the railway company for the removal of the cause to the federal court on the ground that the action was one arising under the constitution and laws of the United States, since the complaint alleged that the order of the interstate commerce commission was in part unlawful and void and that parts of the act known as the Transportation Act above mentioned are unconstitutional and void.

After notice, hearing, and argument the circuit court ordered that the petition and bond for removal be accepted and that "this court proceed no further in said cause." Thereupon this proceeding was commenced in this court praying that it issue a peremptory writ of *mandamus* directing the circuit judge of the circuit court for Bayfield county to hear and determine the motion of relator for an injunction during the pendency of the suit for a permanent injunction.

Able and elaborate briefs have been presented by counsel on both sides discussing two questions: first, whether there was an adequate remedy other than *mandamus;* and second, whether there was such a federal question involved as called for the removal to the United States court. It was conceded by defendant's counsel that this court has the right to pass upon the question whether the record in a given case shows on its face that the case is removable. This was decided in *Stone v. South Carolina,* 117 U. S. 430, 6 Sup. Ct. 799. In view of the conclusion we have reached we shall only discuss the first question above stated.

The conditions under which the extraordinary writ of *mandamus* should be issued to superintend and control the acts of inferior courts have been so often stated as to call for no extended discussion in this case. In *State ex rel. Mil-*

*waukee E. R. & L. Co. v. Circuit Court,* 133 Wis. 442, 113 N. W. 722,. in an opinion by Mr. Justice WINSLOW, the court said:

"That control will only be exercised where the duty of the inferior court to act within its jurisdiction or to refrain from going beyond its jurisdiction is plain and imperative, where such court threatens to violate that duty to the substantial prejudice of the rights of the petitioner, where all other remedies are inadequate, and the application for relief prompt." Page 444. *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081; *State ex rel. Milwaukee v. Ludwig,* 106 Wis. 226, 82 N. W. 158.

It is argued by counsel for defendant that the relator had two perfectly adequate remedies: one to appeal to this court from the order of removal, the other by motion in the federal court to remand the case because of improper removal. Several cases are cited as authority for the proposition that appeal to this court is an adequate remedy. *Akerly v. Vilas,* 24 Wis. 165; *Whiton v. C. & N. W. R. Co.* 25 Wis. 424; *Wadleigh v. Standard L. & A. Ins. Co.* 76 Wis. 439, 45 N. W. 109; *Northern Pac. R. Co. v. McMullen,* 86 Wis. 501, 56 N. W. 629. These cases were decided before the enactment of the present statute limiting appeals from orders and it is not clear that they would now be controlling.

There was no doubt, however, about the right of the plaintiff, after the order of removal, to move to remand the case to the state court. It is the remedy constantly resorted to in ordinary practice when attorneys believe that a case has been improperly removed to the federal court, and it is quite significant that no case is cited by counsel for relator where the court of last resort in any state has issued a writ of *mandamus* to compel an inferior court to take the course prayed for in this petition.

It is urged by counsel for relator that this is a case of extreme urgency and that the remedy of a motion to remand would be inadequate. There seems no reason to expect that a hearing on such a motion would be unduly delayed. If the

motion had been made and decided in relator's favor, a result might have been reached more speedily than by the present proceeding, and the right to remain in the state court would have been conclusively settled. *Missouri Pac. R. Co. v. Fitzgerald*, 160 U. S. 556, 16 Sup. Ct. 389. If the motion had been denied, the remedy of the plaintiff would have been an appeal from final judgment to the supreme court of the United States. But if a writ of peremptory *mandamus* were allowed, in view of the nature of the issues involved, the railroad company would also have the right of review by the same court.

It is suggested by counsel for the state that an application for a temporary injunction in the federal court would be inconsistent with their claim of want of jurisdiction. But such an application would not confer jurisdiction if none previously existed. The jurisdiction of the federal courts is conferred by acts of Congress and they have a special and not a general jurisdiction. It is not conferred by consent of parties nor by the fact that counsel may assume inconsistent theories in the conduct of their cases. *Chapman v. Barney,* 129 U. S. 677, 9 Sup. Ct. 426; *Grace v. Am. Cent. Ins. Co.* 109 U. S. 278, 3 Sup. Ct. 207; *Hanford v. Davies,* 163 U. S. 273, 279, 16 Sup. Ct. 1051.

If in the present case it should be held in the federal court that it has jurisdiction, we see no reason why a temporary injunction pending litigation might not be granted in that court as well as in the state court.

It is our conclusion that the remedy usually taken is adequate, and for that reason the petition for a peremptory writ of *mandamus* should be denied. This determination makes it unnecessary to consider the right to a removal on the merits.

*By the Court.*—Petition denied.